## S. B. FORKER v. BOROUGH OF SANDY LAKE.

APPEAL BY DEFENDANT FROM THE COURT OF COMMON
PLEAS OF MERCER COUNTY.

Argued October 14, 1889—Decided November 4, 1889.
[To be reported.]

1. In an action for negligence, an instruction to the jury which, in substance, is a direct statement that there is little if any dispute that the defendant was negligent, and, that being so, it is the jury's duty to find a verdict for the plaintiff, unless there be other matter in the case relieving the defendant from liability, is error, where the negligence of the defendant is not a fact conceded.

Statement of Facts.

2. Whether a substantial plank sidewalk in a small country town, which is eight feet wide, in good condition, raised but three or four feet above the surface of the ground and but thirty-four feet long, is sufficiently safe for the travel passing over it, without side railings, is a pure question of fact, to be determined exclusively by a jury upon a consideration of all the circumstances.

3. Although the roadway in a borough is not a place where pedestrians are ordinarily expected to walk, yet when the sidewalk at a given place is manifestly dangerous, it is the duty of the citizen to walk upon the roadway instead of on the sidewalk, and this duty is more or less imperative, as the danger of the sidewalk is more or less apparent or conspicuous : Erie City v. Magill, 101 Pa. 616.

4. In an action for injuries alleged to have been received in consequence of defects in a sidewalk, where there is evidence that the plaintiff, knowing thoroughly the character and condition of the walk, went upon it on a very dark and stormy night, it is not proper for the court, in charging the jury, to belittle his duty to exercise caution even to the point of going upon the roadway if necessary.

5. The mere fact that one of two persons, proceeding in company, on a dark night, along a sidewalk known to be dangerous, walked more rapidly than the other, does not justify a court in charging as matter of law that the former was guilty of contributory negligence ; it is not for the court to determine the measure of one person's duty by setting up as a standard the movement of another person.

6. From the fact that a person, injured upon a defective highway, was so well acquainted with its condition that he might be able to pass over it safely by the use of ordinary precaution, it does not necessarily follow, as a matter of law, that he was conclusively guilty of contributory negligence ; the circumstances of the case may make this a question for the jury.

Before PAXSON, C. J., STERRETT, GREEN, CLARK, WILLIAMS, McCOLLUM and MITCHELL, JJ.

No. 4 October Term 1889, Sup. Ct. ; court below, No. 47 January Term 1888, C. P.

On October 29, 1887, S. B. Forker brought trespass against the borough of Sandy Lake, to recover for personal injuries alleged to have been suffered by the plaintiff in consequence of the negligence of the defendant. The defendant's plea was not guilty.

At the trial on May 17, 1888, the following facts were shown :

Sandy Lake is a borough of a few hundred inhabitants. The greater number of its houses are on Main street, which runs through it north and south. At a point about midway between

its extremities, this street crosses a small stream known as the outlet of Sandy Lake. Over the stream was a bridge with a railing on each side. The roadway of the street was about forty-five feet wide, including the gutters or ditches at the sides. The middle line of the roadway was on a leval with the side-walks, except at some places, where it was higher; but the sides of the roadway sloped towards the sidewalks, and ended in ditches below their level. The sidewalks were made of plank and were about eight feet wide.

The greater number of the business houses were in the north ern part of the town; and the entire west side of Main street, north of the bridge, was occupied by business houses and resi dences, with the exception of cross streets and alleys and a space of thirty-four feet immediately north of the bridge. The side-walk along this stretch of thirty-four feet was raised to a height of from three to four and one half feet above the level of the ground bordering on the street, and was without railings or guards.

The plaintiff resided on the east side of Main street, south of the outlet. The shop where he worked was on the west side of the same street, north of the outlet. For three years prior to receiving the injuries for which this suit was brought, he had been passing along the street, between his home and shop, at least four times daily, and he was well acquainted with the sit-uation and condition of the street and sidewalks.

On the evening of February 18, 1887, the plaintiff left his home after supper to go to a lodge meeting. After crossing the outlet he proceeded by way of the sidewalk on the west side of Main street to the lodge room. Between nine and ten o'clock he left the lodge room in company with Albert Glenn, and the two started down the footway, upon the west side of the street, in the direction of the plaintiff's home. It was a very stormy night. The wind was blowing hard; it was raining and sleet-ing some, and it was so dark that it was impossible to see. While proceeding along the street Glenn remarked to the plaint-iff that they would have to be careful when they came to the outlet. The last house along the street, before coming to the open space next the bridge over the outlet was occupied as a picture gallery. There was a lamp in the gallery which threw a light upon the sidewalk immediately in front of it. As they

passed this light, the plaintiff and Glenn were together. As soon as they had passed it they were in darkness and could see nothing. Glenn was proceeding very cautiously. The plaintiff was moving at a more rapid rate, and by the time he had reached a point about seventeen feet beyond the corner of the picture gallery, and half way between it and the outlet, he was five or six feet in advance of Glenn. At this point the plaintiff missed his footing and stepped off the sidewalk, which was here at an elevation of four and one half feet, and received the injuries complained of.

The plaintiff testified that he had always considered the walk dangerous, and considered it unusually so on the night of his injury, on account of the darkness; that it never occurred to him to take the middle of the street, or to stop at the picture gallery and procure a light; that he supposed he could have gotten a light there; that he did not at any place stop and consider the risk he was running, in proceeding upon the walk. The defendant called witnesses whose testimony tended to show that the street and sidewalk were in good condition; that with care a person could at night pass safely along the sidewalk; that the plaintiff could have taken the middle of the street and would have avoided danger by so doing. Several witnesses said that on a dark night they would take the roadway as safer than the sidewalk. The testimony, however, was conflicting as to the passability and safety of the roadway.

At the conclusion of the testimony the court, McMichael, J., of the 17th district, specially presiding, charged the jury as follows:

Gentlemen of the jury, the plaintiff in this case seeks to recover damages for injuries which he claims he sustained by falling off a sidewalk in the borough of Sandy Lake, at a place where it was dangerous, and that the danger was because the borough was negligent in not properly guarding the walk.

It is the duty of all municipal authorities that have charge of public highways to make and keep them in a reasonably safe condition for public travel. You will observe we have had some expressions during the trial of this cause which speak of them as "safe." If by that expression is meant absolutely safe, then that is not correct. The municipal authorities are not

insurers of the public in traveling their roads, but they must keep them reasonably safe for the accommodation of the public, as the public reasonably have a right to use the highways.

In this case, there is but little dispute as to the question whether this sidewalk, in the condition it was, was safe. The defendant's witnesses, for the most part, and so far as I just now remember, all but one of them, testified that this plaintiff, in order to be safe under the circumstances that existed that night when the accident occurred, ought reasonably to have taken the roadway or wagon-way, instead of passing along this sidewalk. If I understood the facts and their reasons for that testimony, it was because the sidewalk was not under those circumstances safe. And the plaintiff also testified substantially to the same thing, that he knew it was not safe, under that kind of circumstances such as existed that night. [The borough authorities should have their way reasonably safe under all circumstances, whether day or night, whether dark or light. So that there does not seem to be much dispute in this case but that there was negligence on the part of the borough in not having that sidewalk at that place properly guarded; or, in other words, in leaving it in such a condition that in a dark night a man might walk off of it and sustain an injury. If that were all that was in this case, then it would be the duty of the jury to find a verdict for the plaintiff and assess the damages at such as he has sustained.] [1] But that is not all that is in the case.

The defendant sets up here contributory negligence on the part of the plaintiff as a defence to this action. Now, by contributory negligence we mean that kind of negligence which contributes to, which makes up a part of the accident, and without which it would not have occurred. And where a party himself by his own negligence contributes to the accident or to the occurrence, there the law will not undertake to separate and distinguish between his negligence and the amount of it, and the negligence of the other party, but simply says he cannot recover. So that, if this jury should come to the conclusion that this plaintiff himself was negligent, and that his negligence was the occasion to any extent of producing the result of which he complains, then he will not have a right to recover anything in this case, and your verdict should be for the defendant.

[That brings you right to the real question that is in the case: Does the evidence show you that there was any contributory negligence; or, to state it in another way, are you satisfied by the weight of the evidence that the plaintiff did not contribute by his negligent conduct to the result of which he complains?][2]   That feature of this case is, as I understand it, divided into two phases, and one of them is this: That the plaintiff knew of the dangerous character of the sidewalk under the circumstances that existed that night: a stormy night; wind blowing hard; raining and sleeting some, and exceedingly dark; so dark that a man could not see another by his side. The defendant says that he ought not to have undertaken to walk that sidewalk under the circumstances that there existed; that he ought to have taken the roadway.   That is one branch of the defence.   The other is, that when he did undertake to walk the sidewalk, he. did not proceed with proper care and caution.   Now, take those two views separately and see whether either of them is a defence; that is, whether either of them shows that the plaintiff was guilty of contributory negligence.

You have heard all the evidence, and I do not propose to discuss the testimony in this case at all as to its weight in any way.   You have heard it as to the condition of that road. You have heard of the condition of the sidewalk, and you have heard the plaintiff's testimony, that he believed that that sidewalk in the dark was dangerous.   Now, ought he under those circumstances that existed that night reasonably to have undertaken to walk along it?   That is, was that such conduct as a man in the exercise of proper, ordinary prudence and care would do?   For that is the test.   Negligence is the want of proper care under the circumstances, and what is abundant care under some circumstances may be great negligence under other circumstances.   What would be very good care in broad day light walking along that precise sidewalk, might be very negligent conduct in a dark night, so dark that a man could not see the ends of the planks, nor the edge of the walk, nor anything of that character.   And I call your attention to this because of the particular feature of the definition to which I call your attention and which it is proper you should observe; that is, that negligence is the want of proper and reasonable care under the particular circumstances that exist at the time.

Charge of Court below.

Now, at that time, under those circumstances, would a reasonable man, in the exercise of proper care respecting his own personal safety, have undertaken to walk that sidewalk; or, if he were exercising that proper care, would he rather have gone out on to that street at some point or other, I care not where now, and taken the middle of the roadway to get home? [We all know—you men know, and as jurors, you exercise your good sense and your knowledge as citizens and as men, and you know that a roadway in a borough, or a place where there is a sidewalk, is not the place that pedestrians are ordinarily expected to walk, and they do not ordinarily walk there, as you know.] [3] There is evidence in this case, and that must be weighed by the jury for all that it is worth, that with some exceptions the people there walk this particular sidewalk for the most part where this man walked and from whence he fell. You may consider that, but you may also consider whether they ordinarily—whether prudent men would ordinarily walk it under the circumstances that existed that night, or whether they would seek the roadway as a much safer, a better way, a safe way practically and reasonably. Now, if he in the exercise of proper care ought not to have trod that sidewalk at all that night; if it was carelessness or negligence on his part, knowing what you have heard from the evidence that he did know of the condition of the walk, and knowing what he did know of the condition of the night, if that was negligence, then your verdict ought to be for the defendant, because that negligence, the fact that he was there, contributed to and made possible the fact that he fell.

Now, I need not discuss that point particularly further, gentlemen. It is just a question for you on this part of the case, whether reasonably, as a man exercising proper care as to his own personal safety, he ought to have tried that sidewalk under those circumstances or whether he ought to have gone upon the public road. He had a right to go home, and he had a right to run some risks to get home; and if the roadway was very muddy, or a place where he was likely to meet with danger, and there is some evidence of that, and that is for you, the whole of it is for you, reasonably he ought to have kept the sidewalk rather than the public street, if they were equally dangerous, or if they were equally safe; and it would only be

under circumstances where the sidewalk was more dangerous than the public road, or where it was dangerous and the road was safe under the circumstances, that he would be warranted in leaving the sidewalk and passing on to the road. [If it should have occurred that he had undertaken to walk that road that night and lost his way upon the road because he could not see anything and fell into a ditch, or got hurt in some particular way because he was on the road, then it might be that the defendant would be here saying that was negligence under the circumstances. Now, of course that is only a supposed case, but I just mention it to you to call your attention to the facts, that you shall weigh the question whether he would have been properly, under the circumstances, upon the public road going home that night, and if he had by accident, in some way, received an injury there, then would he have been negligent because he was there ? For if so, and negligent on the sidewalk both, you see you have him in a condition where he reasonably could not have got home that night. He had a right to go home, and if he used proper care in getting there, then he is not answerable in negligence.] [4]  So much on that feature of the case.

Take the other branch of it : He did not go on the road ; he undertook to walk the sidewalk. Now, the defence say that he walked it rashly, and without exercising proper care, as he went along there where he knew there was no barrier, and fell off, when he might have remained on the walk and not have sustained an injury, if he had walked that place where he did walk, or attempted to walk, with proper care. How is that ? If he was going at a pace which you as men know that a man could not proceed in, in a dark night under those circumstances and be safe ; if that pace was such that a man of ordinary prudence would not undertake to make under those conditions of things, then that was negligence. If it was not, and he was, as we have already discussed the subject that you shall determine, whether he was properly on the walk, if he was properly on the walk and was using such care as a reasonable man should, being there, to get along safely, and fell and got hurt, then the defendant is liable and he should recover.

The burden of proof is on the plaintiff in this case to satisfy you that the defendant was negligent, and that he was not. Has he done it ? If he has, then you should find for the plaint-

iff. If he has not, then you should find for the defendant. If your verdict be for the plaintiff, then your next inquiry will be, how much damages is he entitled to have?

Mr. Stranahan: Might I ask the court just there to suggest to the jury that the presumption is that he did -exercise ordinary care?

By the court: If under all the evidence you come to the conclusion that he exercised proper care, then your verdict should be for the plaintiff, but the evidence is for you on that subject; and if you do not so conclude, but conclude that he was negligent, then your verdict should be for the defendant. And I have said to you the burden of proof is on him, and I have said that for this reason: he has testified that he knew that walk was dangerous, and knowing that fact he ought to satisfy the jury by the weight of evidence that he used proper care to get past the dangerous place. . . . . .

There are some points here, and I will proceed to answer them:

The plaintiff's counsel asks the court to charge you:

1. That where a rail or barrier is necessary for the proper security of pedestrians on the walks of a borough, which from its nature would be otherwise unsafe, and the maintenance of which would have prevented the injury, it is negligence not to construct and properly maintain such barrier.

Answer: That point is affirmed.

2. That if the jury believe from the evidence that the plaintiff took the direct walk to his home, and acted with the care with which a prudent man should have acted under the circumstances, he was not guilty of contributory negligence.

Answer: That point is affirmed. It is substantially, gentlemen, just asking the court to define to you what is contributory negligence or what is not. I have already defined it; that is, the care with which a prudent man should have acted under the circumstances, is the kind of care that would be required of him, and if he so acted, then he was not guilty of contributory negligence.

The defendant asks me to charge you:

1. That if the jury believe from the plaintiff's testimony that he knew of the dangerous condition of the sidewalk, and, from all the testimony in the case, that the public road was a safe

way, and almost equally direct; that the night was dark, and a storm raging, greatly increasing the danger on the sidewalk, then it was the duty of the plaintiff to have taken the highway, and in not so doing he was guilty of contributory negligence and he cannot recover.

Answer: If the jury find that the plaintiff knew the condition of the sidewalk and of the street; knew that the sidewalk was unsafe and that a storm then raging increased the danger in passing along the sidewalk, and knew that the roadway was a safe way, along which he could reasonably go without danger of receiving injury, then it was his duty to have walked on the roadway and not on the dangerous sidewalk, and not having done so he was guilty of contributory negligence and cannot recover. That point you will observe, gentlemen, leaves some facts for you.

2. If the jury believe that the plaintiff and Mr. Glenn were together about the middle of the picture gallery and then proceeded along the sidewalk which plaintiff knew was dangerous, for want of a railing, and while Mr. Glenn proceeded at a moderate pace, plaintiff went so much faster as to gain upon him 6 or 7 feet in 29 or less, and fell off the sidewalk against the wind, then plaintiff was not going with the speed and care a prudent man should use under the circumstances in this case, and was guilty of contributory negligence and cannot recover.

Answer: This point is not affirmed. It asks the court to say that under the circumstances of this case the plaintiff was not going at a proper rate of speed, or with proper care, at the time of the accident. The circumstances of the case are to be found by the jury from the evidence, and it is for the jury to say whether the speed or care which the evidence shows the plaintiff exercised was not such as he should have exercised under the circumstances. If so, then he was guilty of contributory negligence and cannot recover.[5]

3. If the jury believe that, under the evidence in this case, there was no danger in the street to a passenger, then plaintiff should have taken it, and not doing so was guilty of contributory negligence.

Answer: This point is affirmed, if the jury further find that the condition of the street was such, at the time, that it was reasonably passable for pedestrians, and in such a condition that

a man, in the exercise of ordinary prudence and care, would have chosen to walk on the street, rather than risk the dangers of the sidewalk.[6]

4. That under all the evidence in the case the plaintiff cannot recover.

Answer: This point is not affirmed. It is for the jury to determine, under the instructions already given, whether the plaintiff is entitled to recover.[7]

Then, gentlemen, take the case with these instructions and find your verdict.

The jury returned a verdict for the plaintiff for $325. A rule for a new trial having been discharged, and judgment entered upon the verdict, the defendant took this appeal, assigning for error:

1-4. The parts of the charge embraced in [ ] [1 to 4]

5-7. The answers to defendant's points.[5 to 7]

*Mr. Samuel Griffith* (with him *Mr. S. B. Griffith*), for the appellant:

1. The court took an erroneous view respecting the duty of the borough as to the construction and maintenance of the sidewalk, treating the negligence of the defendant as not in dispute, and telling the jury in almost so many words that the defendant had been guilty of negligence. It thus assumed to decide a question that was for the jury, and indicated a strong leaning in favor of the plaintiff, which gave color to the entire charge and was well calculated to and did strongly influence the jury in their deliberations on the other question involved in the case. The duty of the authorities in villages and small towns of a few hundred inhabitants should not be measured by the same rigid rules that govern in our large cities, and the court held the defendant to a stricter and more harsh rule than the law requires.

2. The testimony for the plaintiff showed beyond question or doubt that the plaintiff was guilty of contributory negligence, not only in omitting all other precautions, such as getting a light, or taking the centre of the roadway where he would have been perfectly safe, but also in moving along the sidewalk in a perfectly reckless manner, and that the accident occurred through that recklessness and want of prudence and due care.

Opinion of the Court.

If we were not entitled to have the plaintiff nonsuited, we were certainly entitled to an unqualified affirmation of our second point. That point the court misapprehended. We did not ask the court to find or pass upon any fact, but merely to say to the jury that if they found certain facts to be so, the plaintiff would be guilty of negligence.

3. The partial view of the entire case taken by the court, will appear further in the portions of the charge set out in our third and fourth assignments of error, which were very unfavorable to us and not justified by the testimony. And the court should have affirmed our fourth point and taken the case from the jury. We are well aware of the rule of our judiciary to leave disputed facts to a jury; but where, in the light of all the evidence, it is clear and manifest to the judge that the plaintiff himself has in any way or manner contributed to his injury, and that is shown by his own testimony, the court should give peremptory instructions in favor of the defendant, and more especially in this class of cases, where an individual is contending with a corporation, municipal or private.

*Mr. James A. Stranahan*, for the appellee:

The opinion of the learned judge upon the motion for a new trial fully considers all the points raised by the argument for the defendant, and it is unnecessary to add anything to what is said in that opinion. This case is on all fours with that of Altoona v. Lotz, 114 Pa. 238. The plaintiff had to take either the sidewalk, usually traveled, or the muddy street with a deep ditch on each side of it, and encounter the danger of horses and wagons, or of falling into the ditch. The jury have found that he acted as a prudent man in taking the sidewalk, and this was clearly a question for them.

OPINION, MR. JUSTICE GREEN:

We think the first and second assignments of error are sustained. Practically, the learned court below, in the portions of the charge covered by these two assignments, assumed that the borough was guilty of negligence in the structure of the sidewalk at the place of the accident. The question of the defendant's negligence in this regard was not submitted to the jury for their consideration in this part of the charge, but was as-

sumed, and indeed substantially asserted, as an established fact. Thus, the court said : " So that there does not seem to be much dispute in this case but that there was negligence on the part of the borough in not having that sidewalk at that place properly guarded; or, in other words, in leaving it in such a condition that in a dark night a man might walk off of it, and sustain an injury. If that were all there was in this case, then it would be the duty of the jury to find a verdict for the plaintiff, and assess the damages at such as he has sustained." In substance, this is a direct statement to the jury that there was little, if any, dispute that the defendant was guilty of negligence, and, that being so, it was the duty of the jury to find a verdict for the plaintiff, unless there was other matter in the case which relieved the defendant from its liability to a verdict. That other matter was immediately explained to be, whether the plaintiff was guilty of contributory negligence. This subject was introduced to the jury by these words : " That brings you to the real question that is in this case, does the evidence show you that there was any contributory negligence ? " The remainder of the charge was occupied with the discussion of that question.

The effect of this method of treating the facts was, necessarily, that the defendant was assumed to be guilty of negligence in the structure of the sidewalk, and the attention of the jury was diverted from the consideration of that subject, and was given exclusively to the question whether the plaintiff was guilty of contributory negligence. Of course, there would be no error in this mode of disposing of the facts, if the negligence of the defendant were undisputed; but such is not the case. On the contrary, it is claimed for the defendant that there was a good substantial sidewalk made of planks, eight feet wide, and in good condition ; that it was raised but three or four feet above the surface of the outlet of the creek which it crosses ; that the defendant is a small country town, with not many persons passing and re-passing over its streets and sidewalks ; and that with a very slight degree of care on the part of the foot-passenger the plank walk in question is perfectly safe for those having occasion to use it, although it has no side-rails. The length of this walk at the place of the accident is but 34 feet, and it is argued that for so short a space a good

plank sidewalk, eight feet wide, is entirely safe and sufficient for the travel of so small a town. It is manifest at once that the question whether such a sidewalk, in such a town, is sufficiently safe for the travel passing over it, is a pure question of fact, to be determined exclusively by the jury, upon a consideration of all the circumstances affecting it. Of course, there is a difference in this respect between the villages and small country towns of the state, and the cities and larger towns, in which the travel is so much greater. What would be negligence in the latter, might be sufficient care in the former. As to all these matters the jury should be properly instructed, and then told that it is for them, under all the evidence in the case, to determine whether the sidewalk in question was reasonably safe for the travel passing over it, and that if it was not the defendant would be guilty of negligence, while if it was it would not be, and in the latter event the question of contributory negligence would not arise. But in the charge, as it was delivered, the question of the plaintiff's contributory negligence was the only one discussed, and the defendant's negligence was practically removed from the consideration of the jury. In this there was error, and the first and second assignments are sustained.

The language covered by the third assignment is perhaps not strictly erroneous in itself, but the connection in which it was used was, we think, calculated to mislead the jury from the true consideration of the subject referred to. Of course, the roadway in a borough is not a place where pedestrians are ordinarily expected to walk, but when the sidewalk at a given place is manifestly dangerous, it is the duty of the citizen to walk upon the roadway instead of the sidewalk. This duty becomes more or less imperative as the danger of the sidewalk is more or less apparent and conspicuous. In the case of Erie City v. Magill, 101 Pa. 616, the whole fate of the cause depended upon the fact that the plaintiff did not leave the sidewalk in the presence of a manifest danger, and go upon the street to avoid it. In that case the dangerous condition of the sidewalk was perfectly apparent, and upon the question of the defendant's negligence there could scarcely be a doubt; yet, because the plaintiff did not abandon the sidewalk and walk upon the street, we held she was conclusively guilty of contributory neg-

ligence, and could not recover.   It was a case of much hardship, as the injuries sustained were very severe, and the defendant was clearly negligent; but a very important principle was at stake, which we could not disregard.   In the present case it may well be that the necessity of precaution on the part of the plaintiff was enhanced by the circumstance that it was a very dark night, the wind was blowing, and rain and sleet falling, and the plaintiff knew the character and condition of the plank sidewalk at this place thoroughly.   He was in the habit of passing over it four times a day, and was therefore most intimately acquainted with it; and it was scarcely correct, therefore, for the court in the charge to belittle, as it were, the duty of the plaintiff to exercise caution, even to the point of going upon the roadway if necessary, by suggesting that the roadway was not designed or ordinarily used by foot-passengers.

We think the same considerations apply to the language covered by the fourth assignment, and we sustain both the third and fourth assignments of error.   The law was correctly stated in the answer to the defendant's first point, but the effect of this answer was practically destroyed by the other portions of the charge to which we have just adverted.   We do not sustain the fifth assignment, because the point asked the court to say to the jury, as matter of law, that if the plaintiff walked more rapidly than Mr Glenn he was therefore guilty of contributory negligence.   Of course the jury might so find, if they thought the plaintiff was not ordinarily prudent in the rate of his movement; but it was not for the court to determine the measure of the plaintiff's duty by setting up as a standard the movement of another person.   The sixth and seventh assignments are not sustained.   We can scarcely say as matter of law that the plaintiff was conclusively guilty of contributory negligence, because he was so well acquainted with the condition of the sidewalk that he might be able to pass over it safely by the use of ordinary precaution.   But at the same time there was ample evidence to sustain an adverse verdict, had it been rendered, on the ground of a want of ordinary care.   We think the question was fairly for the jury, under all the evidence.

Judgment reversed, and new venire awarded.