Opinion by
Henderson, J.,
All of the appellant’s points except that requesting binding instructions were affirmed and no exception is taken to the evidence presented or to the charge of the court nor is it contended that the evidence was not sufficient to require the submission of the case to the jury on the allegation of negligence on the part of the defendant. *53 The single question for consideration, therefore, is, does the plaintiff’s evidence disclose such a clear case of contributory negligence as required the court to give binding instructions for the defendant. The rule has been frequently stated to be that where there is a doubt as to the inference to be drawn from the facts or where the measure of duty is ordinary or reasonable care and the degree of care varies with the circumstances the question of negligence is necessarily for the jury: Penna. R. R. Co. v. White, 88 Pa. 327; Cohen v. Phila. & Reading R. R. Co., 211 Pa. 227, and it is according to this rule that the conduct of the plaintiffs must be judged. The negligence complained of was the depositing of a large stump on a public highway along which Mrs. Stonecipher was driving, at which object the horse frightened and threw her from the buggy thereby inflicting serious injury. The plaintiff was driving a roadworthy and very quiet horse which she had been accustomed to drive for a considerable time. She passed over the road and by the stump earlier in the day on the way to her sister’s home without any difficulty. The stump was located on the margin of the road and partly on the wagon way with the root face looking toward the plaintiff as she returned. Her view of the stump was a very short one on the way down, but in returning she could see it for about 150 feet. When she was nearly opposite to it the horse frightened and jumped, upsetting the buggy and throwing her out. The appellants contend that Mrs. Stonecipher having knowledge of the presence and appearance of the stump and that it was likely to frighten horses was guilty of contributory negligence in returning home that way, inasmuch as there was another road which she could have used. To maintain this position it is necessary that it appear that the risk was so obviously great that a person of ordinary prudence and care would not have assumed the hazard. Does the evidence necessarily lead to such a conclusion? The road was that which the plaintiff would ordinarily travel in going to her home from the place where she had been *54 visiting; it was the best and nearest route; the roadbed was macadamized and in good condition. She had passed (the stump in the morning without trouble and was driving a horse in which she had entire confidence, justified by long use. The road was traveled daily by other persons, and the defendant’s own evidence shows that it was so used without difficulty occasioned by the stump. Having passed the obstacle in the morning without fright of the horse can we say as a matter of law that Mrs. Stonecipher should have taken a roundabout way to her home because she thought the stump might frighten some other horses? She did not think it would frighten hers. How can we declare that she was not warranted in relying on the steadiness of her horse? The route which she would have been compelled to take if she did not go back over the road on which she came was about twice as long as the other and she was not familiar with it and had not driven over it. Moreover, there is no evidence as to the condition in which the other road was at the time or that it was safer than the one which she used. She was not guilty of contributory negligence in taking the direct route to her home if she exercised the care which an ordinarily prudent person should exercise. One using a highway which is open for public travel is not necessarily guilty of negligence because he does not take another and safer route. Where the danger is so great and imminent that a person of ordinary prudence would avoid it the court may say as a matter of law that the use of the more dangerous way is an act of negligence, but it is only when this imminent and obvious-danger is clearly made to appear that the court can so act. We are unable to find anything in the plaintiff’s evidence which clearly establishes contributory negligence. It was for the jury to say whether considering the appearance of the stump, the experience of Mrs. Stonecipher in the use of horses and the established quality of the horse driven for gentleness it was imprudent for her to return home by the way over which she had gone. This question was submitted to the jury in an unable charge and this objection *55 we think was in compliance with the duty' of the court as the case was presented.' The appellants have had the benefit of an able argument by their counsel, but we are not convinced that the court was in error in refusing to give binding instructions for the defendant.
The judgment is affirmed.