# Brink *v.* Troy Borough, Appellant.

*Negligence—Boroughs—Defective road—Contributory negligence—Case for jury.*

1. Where a borough has permitted for a long period a hitching post to lean eight or ten inches over the curb of a highway at a point where a road contractor was in the habit of leaving a road roller eighteen feet from the post at night, and a driver of a wagon drives between the post and the roller, and through the fright of his horse the wheel of his wagon is caught in the post and the driver is injured, the questions of the borough's negligence and the driver's contributory negligence are for the jury.

*Negligence—Defective road—Alternative route.*

2. Where an alternative route has dangers and difficulties of its own, and the risks of the road taken are not so obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of contributory negligence is always one for a jury.

Argued Nov. 20, 1912.   Appeal, No. 219, Oct. T., 1912, by defendant, from judgment of C. P. Bradford

Co., Dec. T., 1909, No. 341, on verdict for plaintiff in case of Edward C. Brink v. Troy Borough. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before JOHNSON, J.

Verdict and judgment for plaintiff for $1,500. Defendant appealed.

*Errors assigned* were (1–16) various instructions, quoting them.

*H. K. Mitchell*, with him *T. S. Hickok*, for appellant.— Plaintiff was guilty of contributory negligence: Keeley v. Shanley, 140 Pa. 213; Crescent Twp. v. Anderson, 114 Pa. 643; Erie v. Magill, 101 Pa. 616; Brendlinger v. New Hanover Twp., 148 Pa. 93; Mueller v. Ross Twp., 152 Pa. 399; Smith v. Jackson Twp., 20 Pa. Superior Ct. 337; Trout v. Electric Ry. Co., 13 Pa. Superior Ct. 17.

*Chas. M. Culver*, with him *David J. Fanning*, for appellee.

OPINION BY HENDERSON, J., July 16, 1913:

One of the horses of the defendant's team shied at a road roller located at the side of Canton street in the borough of Troy, causing the team to run to the opposite side of the street where the hub of the right hind wheel of the wagon struck a hitching post. This collision threw the plaintiff off the seat of the wagon and in falling his right leg was caught between two of the spokes of one of the front wheels and badly fractured. Negligence by the defendant in two respects was alleged: first, that the road roller was permitted to be in the public highway for a long time and that it was an object likely to frighten horses;

and second, that the post against which the wagon collided
leaned into the highway and was an obstruction to travel.
The court withdrew from the consideration of the jury
the question of the defendant's negligence with respect
to the presence of the roller on the street, it appearing
from the evidence that it was in use during the daytime
by a firm which had a contract from the State Highway
Department for the improvement of the street and that
the borough therefore had no control over the machine or
the location of it at the times when it was not in use. The
accident occurred after working hours in the evening and
the roller was left at a convenient place on the roadside
where it had been left overnight for several weeks during
the progress of the work on the street. The hitching post
was located just outside of the curb on the west side of the
street a little further south than the roller. The space
between the post and the roller was about eighteen feet
and as the plaintiff was driving to the south the sudden
movement of the team when the near horse frightened at
the roller brought the hub of the wagon directly in con-
tact with the post. The question of negligence submitted
to the jury was that relating to the position of the post at
the time of the accident. There was evidence from which
the jury might find that it leaned six or eight inches over
the curb and the learned trial judge instructed the jury
that they might determine whether the post was an ob-
struction to the ordinary uses of the road especially in view
of the location of the roller which had been at the place for
so long a time that the borough authorities are presumed
to have known that it was kept there by the contractors.
That the post was the proximate cause of the accident was
a justifiable conclusion from the evidence. The fright of
the horse occasioned the shying of the team and that cir-
cumstance was directly and closely connected with the
injury, but the negligence alleged as found by the jury was
the nearest cause for without it the injury would not have
occurred. The duty of the municipality under such cir-
cumstances is not doubtful. The disposition of horses to

frighten at such objects as a steam roller is well known
and if, by reason of the continued presence of such an
obstruction on the highway, the passage for teams is
contracted and the liability to interference with other
obstructions permanently on the street increased, the
authorities charged with the care of the highways are
bound to see that those objects over which they have con-
trol which endanger the safety of travelers who drive road-
worthy horses are taken out of the way.    Assuming that
the hitching post leaned over the highway the court could
not declare as a legal proposition that no duty rested on the
borough to take notice that the space between the roller
and the post was narrow and that horses driven over that
space were likely to shy at the machine and come in con-
tact with the post.    This was a question for the jury and
properly submitted in the charge of the court.    It was
contended by the defendant that the plaintiff was guilty
of contributory negligence in undertaking to drive past
the roller and this question was submitted to the jury by
the court with the instruction that if a man of ordinary
prudence driving a roadworthy team would not under-
take to drive by such an object because of its tendency to
frighten horses the plaintiff would not be entitled to a ver-
dict.    This instruction was in harmony with numerous
authorities.    It is only when the danger is so great and
obvious that a person of ordinary prudence would avoid
it that the court can say as a matter of law that the party
incurring the risk was guilty of contributory negligence and
where a road was daily used by many persons as was the
case here and where the plaintiff had passed in safety over
the same location the same day it is manifest that the
court could not pronounce the act of the plaintiff a negli-
gent one.    Evidence was also introduced by the defense
that there were two other roads over which the plaintiff
might have driven thereby avoiding danger, but the tes-
timony was conflicting as to whether these were prac-
ticable routes, one of them being located along the track
of a railroad company and in a bad condition as shown

by the plaintiff and the other leading over a steep hill on a longer course. Where the alternative route has dangers and difficulties of its own and the risks of the road taken are not so obvious as to deter the general public and ordinarily prudent and careful people from using it the question of contributory negligence is always one for the jury: McManamon v. Hanover Twp., 232 Pa. 439. We have carefully considered the assignments of error in connection with the testimony and the charge of the court and are of the opinion that sufficient cause is not shown for a reversal of the judgment.

The assignments of error are overruled and the judgment affirmed.

MORRISON, J., dissents.