## Hadley v. City of Coatesville, Appellant (No. 1).

*Negligence—Contributory negligence — Municipalities — Streets —Crossings—Choice of routes—Question for jury.*

In an action of trespass to recover damages for injuries sustained as the result of a fall caused by the defective condition of a city street, where the evidence was that the plaintiff exercised due care in attempting to cross the street, the fact that there was another crossing place, which the city contended the plaintiff should have used, was not of itself sufficient to establish contributory negligence. In the absence of clear evidence that one route was safer than the other, the convenience and risk of the ways was relative, and the question of negligence and contributory negligence was for the jury.

If the alternative route has dangers of its own and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of contributory negligence of the person injured is for the jury.

Argued November 21, 1921. Appeal, No. 204, Oct. T., 1921, by defendant from judgment of C. P. Chester County, April T., 1921, No. 86, on verdict for Elizabeth H. Hadley, in the case of Walter E. Hadley and Eliza-

beth H. Hadley v. City of Coatesville. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BUTLER, P. J.

From the record it appeared that the plaintiff was injured while crossing a street in the City of Coatesville by stepping on a loose stone or cement block, which turned under her foot and threw her to the ground causing the injury complained of. Other facts are stated in the opinion of the Superior Court.

The jury found in favor of Elizabeth H. Hadley in the sum of $1,000, and in favor of Walter E. Hadley in the sum of $1,035.75. Judgment on the verdict. Defendant appealed.

*Error assigned* was refusal to give binding instructions for defendant.

*Walter E. Greenwood,* City Solicitor, for appellant.— While a pedestrian is not limited to the use of established crossings of public streets, it becomes his duty to use them when they are established, and, if he chooses to cross at other places, he takes upon himself the risk of every danger he would have avoided by using the established crossing: Watts v. Plymouth Borough, 255 Pa. 185; Montgomery et ux. v. Phila., 270 Pa. 346.

*William Tregay,* for appellee.—Where a pedestrian has a choice of two routes, the question of contributory negligence in making the choice is for the jury, unless the danger is so great and apparent that an ordinarily prudent person would not use the route taken: Slamovitz v. P. R. R. Co., 266 Pa. 63; Delvin v. Baldwin Twp., 260 Pa. 179; Stonecipher v. Booth & Flynn, Ltd., 51 Pa. Superior Ct. 50.

OPINION BY HENDERSON, J., March 3, 1922:

The complaint in this appeal is that the court refused to give binding instructions for the defendant. The reason stated as a basis for such instruction was the contributory negligence of the appellee. The default of the defendant having been conceded, the defense rested wholly on the ability of the appellant to make it clearly appear that Mrs. Hadley negligently received her injury. This negligence is alleged to have existed in the failure of the plaintiff to have selected another route than the one over which she was going at the time she was hurt. The injury was received while she was crossing Oak Street diagonally in going to First Avenue. There was neither sidewalk nor crossing on Oak Street in this locality, but a path was used by pedestrians going toward First Avenue from the hillside on which the plaintiff lived. The other way led down a flight of stairs and up a bank. The latter way is that which the appellant alleges the plaintiff should have taken, and evidence was introduced to show that it was in a safe condition. That there was a choice of ways seems not to be disputed, but the instinct of self-preservation stands for proof of the exercise of care and there is affirmative evidence that the route taken by the plaintiff was a better one than that which the appellant contends is the way she should have gone. It appears from the evidence that she proceeded carefully in crossing the street and there is nothing in the testimony to suggest that she acted wilfully with the intention to test a hazardous crossing. The route was used not only by the plaintiff, but by other people, and it cannot be declared as a matter of law that the way chosen was so obviously dangerous as to have subjected the plaintiff to a charge of negligence in adopting it. The plaintiff testified that the route alleged by the defendant to have been the proper one was dangerous because of a long flight of steps without a handrail and was inconvenient because of the presence of deep mud resulting from a continued

rain. The locality and the position of the plaintiff at the time of the accident were shown by photographs to which more than fifty references were made by the witnesses, the counsel and the court during the progress of the trial. The disclosure of these photographs doubtless aided the jury in reaching a conclusion. As the verdict relieved the plaintiff from the imputation of negligence, we could not reverse that finding without the light which the photographs afforded if the case were clear in other respects. Moreover it is not clear that the other way was safer. The plaintiff's testimony on that subject, and the fact of the use of the route taken by the plaintiff by many people raise a doubt on that subject. If the plaintiff, weighing the advantages of the respective routes, took that which in her judgment was the better way, she cannot be held to have been guilty of negligence as a matter of law. The convenience and risk of the ways was relative and it was for the jury to say whether she exercised ordinary care under the circumstances. "It is only when the danger is so great and apparent that an ordinarily prudent person would regard it as dangerous and therefore avoid it that a trial court can say as a matter of law that a person using the more dangerous route is guilty of contributory negligence. If the alternative route has dangers of its own and the dangers of the route actually taken are not so great and obvious as to deter the general public and ordinarily prudent and careful people from using it, the question of the contributory negligence of the person injured in using it is a question for the jury": Mellor v. Bridgeport Boro., 191 Pa. 562; Steck v. Allegheny, 213 Pa. 573; Forker v. Sandy Lake Boro., 130 Pa. 123; McManamon v. Hanover Twp., 232 Pa. 439; Stonecipher v. Booth & Flynn, Ltd., 51 Pa. Superior Ct. 50. We have reviewed the evidence carefully and are satisfied that the question of contributory negligence was one for the jury not for the court.

The judgment is affirmed.