Wright, Appellant, *v.* Borough of Bellefonte.

Argued October 24, 1928.

Before HENDERSON, TREXLER, KELLER, LINN, GAWTHROP and CUNNINGHAM, JJ.

*Ellis L. Orvis,* and with him *W. D. Zerby* and *Arthur C. Dale,* for appellant.

*Newton B. Spangler,* for appellee.

OPINION BY TREXLER, J., January 25, 1929:

This was an action of trespass brought by Laura E. Wright against the Borough of Bellefonte to recover damages for personal injuries incurred by a fall on an icy pavement in said borough. The verdict was in her favor, but the trial judge entered judgment n. o. v. for the defendant. The plaintiff was going at about seven o'clock in the morning of January 14, 1926, to the place where she was employed. She arrived in front of what is known as the Smith residence and slipped and fell over a ridge of ice which was on the pavement and in so doing sustained serious injuries. The route pursued by the plaintiff was the direct and customary one from her residence to her employer's. She knew of this icy pavement and walked carefully. She had passed over it several times a day immediately prior to her accident.

The trial judge states, in entering judgment against her, that as she was going along and arrived at the Smith pavement, she had three alternatives; the first, to inspect the walk on the other side of the street and if she found no ice to exist there, to use it and continue on her way; second, to inspect the street and use it because it was shown to be in a safer condition by her witnesses; and third, to pass over the dangerous ice on the Smith property and assume the risk of falling.

The alternatives presented are correctly set forth, but the comparative safety of the several routes, we think, does not appear as stated by the trial judge. Was she obliged to use the street? She testified as

follows, "Why didn't you go out in the street and avoid that ridge of ice?" "Well, I thought it was more dangerous on the street than it was there." Further on, she testified that "the street was slippery." A witness testified that when she came to the place in front of the Smith residence, she thought she would go out on the State road, but she found it was not much safer, so she thought she would get along as best she could. Later on she testified that she did not think the street was any better. Another witness testified that there was ice and snow on the State Highway. The other side of the street afforded no safer route, for she was asked, "Why didn't you go on the other side of the street?" "Well, that was more slippery yet." It was not the province of the court to pick out certain testimony and from that assume that the street or the other side of the street afforded a safer way for the plaintiff. This was a question for the jury.

It is true the plaintiff knew of the condition of the Smith pavement and had passed over it before. Whether it was prudent of her to try it again was for the jury considering all the circumstances: Brown v. White, 206 Pa. 106; Davis v. Wilkes-Barre, 286 Pa. 488. The danger on the Smith pavement was obvious, but taking some of the testimony, the danger of the alternative routes was just as obvious and plaintiff is not charged with the exercise of a discrimination beyond that of the ordinarily prudent person: Steck v. City of Allegheny, 213 Pa. 573; Stemmler v. Pittsburgh, 287 Pa. 368. "One using a highway which is open for public travel is not necessarily guilty of negligence because he does not take another and safer route. Where the danger is so great and imminent that a person of ordinary prudence would avoid it the court may say as a matter of law that the use of the more dangerous way is an act of negligence, but it is only when this imminent and obvious danger is clearly

made to appear that the court can so act'': Stone-cipher v. Booth & Flinn, 51 Pa. Superior Ct. 50; Hadley v. Coatesville, 78 Pa. Superior Ct. 465. If her narrative is believed, the pavement upon which the plaintiff was proceeding was the best route and the safest route to get to her destination.

The judgment is reversed and the record remitted to the court below with directions to enter judgment in conformity with the verdict.