## Brown *v.* White, Appellant.

*Negligence—Ice on pavement—Question for jury.*

It is not necessarily negligence to attempt to pass over even a " noticeable accumulation " of ice on a pavement. That may depend on the size and shape of the accumulation, the obviousness and magnitude of the danger, the means at hand of avoiding it, and other circumstances.

In an action by a woman to recover damages for personal injuries sustained by a fall on an accumulation of ice on a pavement, where it appears that the plaintiff had passed over the obstruction safely the evening before, the question whether it was prudent in her to try to do so again is for the jury.

In such a case the plaintiff is not bound affirmatively to disprove negligence. It is sufficient for her to make out a case of injury from negligence of the defendant without disclosing negligence on her own part. Whether she used due care under the circumstances is for the jury.

In such a case if the evidence shows " a generally slippery condition of the pavements " it is impossible for a pedestrian to avoid some risk if she travels them at all ; whether she used due care under the circumstances is for the jury.

Argued March 9, 1903.   Appeal, No. 304, Jan. T., 1902, by defendant, from judgment of C. P. Franklin Co., April T., 1900, No. 393, on verdict for plaintiff in case of Annie Brown v. Hiram M. White.   Before MITCHELL, DEAN, BROWN and MESTREZAT, JJ.   Affirmed.

Trespass to recover damages for personal injuries sustained from a fall on a pavement.

At the trial it appeared that the plaintiff, a woman seventy-two years old fell on the pavement in front of defendant's premises on North Main street, Chambersburg, Pennsylvania. The accident happened about six o'clock in the morning, and the evidence showed that there was some accumulation of ice on the pavement.*

Defendant presented these points:

If the jury believe that there was a noticeable accumulation of ice the evening before at the place where the accident occurred, and that the plaintiff passed over the same the evening before the accident occurred, and knew of the existence of the same, then the plaintiff, in attempting to pass over the same place at the time of the accident, was guilty of contributory negligence and cannot recover. *Answer :* I refuse that point. [1]

If the jury believed there was a generally slippery condition of the pavements caused by rain and freezing weather, on the morning the accident occurred, then the plaintiff was bound to use more than ordinary caution, and there being no evidence that she did so, the plaintiff was guilty of contributory negligence and cannot recover. *Answer :* I refuse to instruct you as requested in the third and fourth points of law submitted by counsel for defendant for the reason that whether or not the plaintiff was guilty of contributory negligence is a fact to be determined by you from the evidence in the case and the instructions I have given you as to the law. It is not for the court to declare it as a fact or to determine it. We cannot say as a matter of law that an attempt to pass over a noticeable accumulation of ice, is negligence per se ; nor can we say as a matter of law that even though the pavements were generally icy and slippery, plaintiff was guilty of contributory negligence. These are questions to be decided by the jury under the evidence as to the circumstances and the law as we have declared it. [2]

The court charged in part as follows :

[Counsel have asked me to direct your attention to some evidence which was given in the case on behalf of the defendant

---

* This case has been twice in the Supreme Court. See 202 Pa. 297.—
Reporter.

on the night before this accident occurred. Mr. Rinehart, it was—he was the occupant of some rooms on the upper story of the defendant's house—he was called and testified that that night, having reason to believe the weather would be extremely severe, he turned off the water from the house so that there could be no flow through the pipes, and his wife testified that the next morning she went to the place were he had turned the water off and turned it on. If you believe that testimony, it would follow that there was no water in the pipes of that house (I am not speaking of the drain pipe that led from the sink down into the archway) from the time Mr. Rinehart turned it off until his wife turned it on next morning. It was testified by Mr. Rinehart that he had notified the occupants of the Ludwig and Faulkner rooms that they should supply themselves with water, that he was about to turn the water of the house off.

Now, you will consider that testimony in connection with the other testimony in the case and give it whatever weight you think it should have in connection with the determination of the question whether the ice was formed from the water that went down the drain pipe that night. If the ice was formed from water that went down the drain pipe from the sink, it could not have been from water flowing into the sink from the pipes of the house, but the pipe that led from the sink down to the archway was not connected with the water pipes of that house that night.] [3]

Verdict and judgment for plaintiff for $1,554.66. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*W. Rush Gillan* of *Gillan & Gillan*, with him *Gehr & Gehr* and *J. A. Strite*, for appellant.

*I. C. Elder*, of *Sharpe & Elder*, with him *Horace Bender*, for appellee.

PER CURIAM, May 11, 1903:

The third point of defendant could not have been affirmed by the judge at the trial. It is not necessarily negligence to

attempt to pass over even a "noticeable accumulation" of ice on the pavement. That may depend on the size and shape of the accumulation, the obviousness and magnitude of the danger, the means at hand of avoiding it, and other circumstances. In the present case the plaintiff had passed over the obstruction safely the evening before, and whether it was prudent in her to try to do so again was for the jury.

Nor could the fourth point have been affirmed. The plaintiff was not bound affirmatively to disprove negligence. It was sufficient for her to make out a case of injury from negligence of the defendant without disclosing negligence on her own part. If the evidence showed "a generally slippery condition of the pavements," then it was impossible for her to avoid some risk if she traveled them at all, and whether she used due care under the circumstances was for the jury.

The remaining assignment of error is to a part of the charge in which the judge called attention to some of the evidence favorable to appellant. There was considerable testimony as to the source from which the water came which formed the ice in question. The defendant sought to prove that it could not have come from his premises, and the judge called the attention of the jury to the turning off of the water the night before, as tending to sustain that view. He could not have gone further and charged that that single act was a complete defense without disregarding the other evidence. He properly directed the jury to consider it all together.

Judgment affirmed.