## Sickels, Appellant, v. Philadelphia.

*Negligence—Pavement—Sidewalk—Slippery ridge on sidewalk—Nonsuit.*

Where a woman in broad daylight approaches a slippery ridge eight inches high across a sidewalk, and with a full opportunity to see the ridge, steps upon it, falls and is injured, she is guilty of contributory negligence, and cannot recover damages from the city.

| 209 | 113 |
|---|---|
| e 26 SC | 520 |
| 209 | 113 |
| 210 | 593 |
| 209 | 113 |
| d 30 SC | 264 |
| 209 | 113 |
| f 33 SC | 189 |
| d 33 SC | 247 |
| d 33 SC | 249 |
| 209 | 113 |
| 35 SC | 314 |

Argued March 29, 1904. Appeal, No. 56, Jan. T., 1904, by plaintiff, from order of C. P. No. 1, Phila. Co., Dec. T., 1902, No. 3829, refusing to take off nonsuit in case of Anna Sickels v. City of Philadelphia. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and THOMPSON, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before BEITLER, J.

The circumstances of the accident are stated in the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Henry W. Scarborough*, for appellant.—The case was for the jury: Bruch v. Philadelphia, 181 Pa. 588; Graham v. Philadelphia, 19 Pa. Superior Ct. 292; Canavan v. Oil City, 183 Pa. 611; Mintzer v. Greenough, 192 Pa. 137; Sorrel v. Traction Co., 23 Pa. Superior Ct. 425; Iseminger v. York Haven

Water, etc., Co., 206 Pa. 591 ; Brown v. White, 206 Pa. 106 ; Shaffer v. Harmony Borough, 204 Pa. 339 ; Quinlan v. Philadelphia, 205 Pa. 309 ; Butcher v. Philadelphia, 202 Pa. 1 ; Ryan v. Ardis, 190 Pa. 66 ; Glading v. Philadelphia, 202 Pa. 324 ; Wall v. Pittsburg, 205 Pa. 48 ; Miller v. Bradford, 186 Pa. 164 ; Kauffman v. Harrisburg, 204 Pa. 26 ; Merriman v. Phillipsburg Boro., 158 Pa. 78 ; Fee v. Columbus Borough, 168 Pa. 382 ; Nanticoke v. Warne, 106 Pa. 373 ; Henry v. Williamsport, 197 Pa. 465 ; Musselman v. Hatfield Borough, 202 Pa. 489 ; Mechesney v. Unity Twp., 164 Pa. 358 ; Mill Creek Twp. v. Perry, 20 W. N. C. 359.

*Harry T. Kingston*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, and *Jos. S. MacLaughlin*, for appellee.— The plaintiff was guilty of contributory negligence : Susquehanna Deport Borough v. Simmons, 112 Pa. 384 ; City of Erie v. Magill, 101 Pa. 616 ; Robb v. Connellsville Boro., 137 Pa. 42 ; Stackhouse v. Vendig, 166 Pa. 582.

The facts of the case were undisputed and the question of negligence was for the court, and the nonsuit properly entered : Hoag v. Lake Shore & Michigan Southern R. R. Co., 85 Pa. 293 ; King v. Thompson, 87 Pa. 365 ; City of Erie v. Magill, 101 Pa. 616 ; Mason v. Philadelphia, 205 Pa. 177.

OPINION BY MR. JUSTICE BROWN, May 2, 1904:

In excavating a cellar at 905 Arch street, Philadelphia, the dirt was carted over the pavement on a plankway laid from the house line to the street.    Some of it had fallen from the cart, forming a ridge seven or eight inches high across the pavement. It was yellow clay and had become very slippery from the rains of several days.    Charles C. Hindemeyer and his brother, engaged in business on the adjoining property, were called by the plaintiff to describe the condition of the pavement.    Both testified that the ridge across it was six or eight inches high and had become very slippery.    The plaintiff herself corroborates them as to the condition of the pavement.    In walking eastward she stepped on this slippery ridge, fell and was injured. On the ground of her contributory negligence, the trial judge directed the entry of a nonsuit, saying : " This accident happened in broad daylight ; there was nothing at all to interfere

with the plaintiff's seeing precisely where she was going. Every pedestrian using the streets of Philadelphia is obliged to use his eyes for his own protection. The plaintiff did not do that and is therefore nonsuited."

With the slippery ridge before her on the pavement, it was the duty of the plaintiff to avoid it, instead of stepping upon it and taking the chance of passing safely over its dangerous surface. From her own testimony nothing can be found to relieve her from what must be regarded as her own negligence. Though it was a cloudy day and raining, it was broad daylight when she fell. If she had been exercising ordinary care by using her eyes and looking where she was going, the ridge could not have escaped her notice, and she would have been bound to avoid it, instead of experimenting with it. Scanning her testimony closely, the only conclusion to be drawn from it is that she was careless under the circumstances to a degree that amounted to negligence. She was not bound to exercise extraordinary care in walking on the street. What the law required of her was to avoid peril in her way by the ordinary and reasonable use of her eyes, and for her failure to so protect herself she cannot call on the city to compensate her for her injuries, even if it, and not an independent contractor, was negligent: Bruch v. Philadelphia, 181 Pa. 588; Iseminger v. York Haven Water, etc., Co., 206 Pa. 591.

Arch street is one of the main thoroughfares of Philadelphia, and people are constantly passing up and down it, but it was not so crowded at the point where the plaintiff was injured that the crowd interfered with her view of the pavement and the danger that was across it. She testifies that the nearest person in front of her was six feet distant. If this was so, that person was on the east side of the cartway when she stepped on the ridge on the west side. It cannot, then, be pretended that passersby prevented her seeing what was before her. But she says her umbrella was up, and, as the rain was coming from the east, she held it " somewhat in front " of her to protect herself. She adds, however, that she was looking ahead of her, but was " rather looking down." Assuming this to be true, she must have seen the slippery ridge before she stepped on it and took the risk of crossing it in safety ; and, if she did not see it, she could not have been looking where she was

going.    This, in brief, was the situation, and, whether she looked or did not, her negligence confronts her in this proceeding and stands in the way of her right to recover.    While we affirm the judgment of nonsuit for the reason given by the trial judge in directing it to be entered, if he had held that there was no evidence of the negligence of the defendant, it would not have been error.

Judgment affirmed.