## Green v. Hollidaysburg, Appellant.

*Negligence—Boroughs—Icy sidewalks—Contributory negligence.*

1. A municipality is not liable for an injury caused by the slippery condition of a pavement resulting from natural causes such as the recent formation of ice, but it may be held liable where ridges of ice are allowed to form and remain for an unreasonable time after notice actual or constructive.

2. In an action by a woman against a borough to recover damages for personal injuries sustained from a fall at night on an icy pavement on a street of the borough, the case is for the jury and a verdict and judgment for the plaintiff will be sustained, where the evidence showed that the plaintiff fell on a ridge of ice from four to six inches high, extending across the pavement from house line to curb and somewhat obscured by a slight fall

of snow; that the condition had existed for several weeks, although not known to the plaintiff because she had not been on the street for a week; that snow was piled up at the edge of the pavement to such a height as to make it difficult to go into the street; and that plaintiff assumed, as she wore good rubbers, she could walk with safety close to the curb where the ridges of ice were lower.

Argued April 15, 1912. Appeal, No. 121, Jan. T., 1911, by defendant, from judgment of C. P. Blair Co., March T., 1911, No. 129, on verdict for plaintiff in case of Teresa Green v. Hollidaysburg Borough. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SHULL, P. J., specially presiding.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for the plaintiff for $1,551.94. Defendant appealed.

*Errors assigned* were various instructions, quoting them.

*Marion D. Patterson,* with him *George G. Patterson,* for appellant.

*E. G. Brotherlin,* with him *Thomas H. Greevy,* for appellee.

PER CURIAM, May 13, 1912:

The plaintiff, a woman sixty-eight years of age, was injured by a fall at night on an icy pavement on the main street of the borough, defendant. The only question to be considered is whether her testimony made out a case of negligence on the part of the borough, free of contributory negligence, which entitled her to go to the jury. The pavement was clear of ice except at the place of the accident, where water from a rain spout ran onto the pavement and froze in ridges from four to six inches

high, that extended across the pavement from the house line to the curb. This condition had existed for several weeks. She knew that ice had formed at this place during the winter but had no knowledge of the actual condition at the time, not having been on the street for a week, until she reached the ridges of ice that were somewhat obscured by a slight fall of snow. Snow was piled up at the edge of the pavement to such a height as to make it difficult to go into the street, and she assumed that, as she wore good rubbers, she could walk with safety close to the curb, where the ridges of ice were lower.

A municipality is not liable for an injury caused by the slippery condition of a pavement, resulting from natural causes such as the recent formation of ice, but it may be held liable where ridges of ice are allowed to form and remain for an unreasonable time after notice actual or constructive. Wyman v. Philadelphia, 175 Pa. 117; Dean v. New Castle, 201 Pa. 51; Holbert v. Philadelphia, 221 Pa. 266. The plaintiff's testimony disclosed no facts that would conclusively charge her with contributory negligence. She was confronted by a danger, which she could not readily avoid, the extent of which was not obvious to her and she believed that with the exercise of care she could pass in safety. "It is not necessarily negligence to attempt to pass over even a noticeable accumulation of ice on the pavement, that may depend on the size and shape of the accumulation, the obviousness and magnitude of the danger, the means at hand of avoiding it, and other circumstances." Brown v. White, 206 Pa. 106.

The judgment is affirmed.