## Gross *v.* Pittsburgh, Appellant.

*Negligence—Municipalities—City streets—Accumulation of ice —Constructive notice—Pedestrians—Contributory negligence.*

In an action against a city to recover damages for personal injuries sustained by plaintiff through falling upon an icy pavement on a city street on the afternoon of a December day, it appeared from the testimony that at the point where plaintiff fell there were ridges of ice extending across the paving varying from two to four inches in thickness, covered by an inch or more of snow. There was evidence in the case, that because of the broken spout on a building in front of which the plaintiff fell ice had been accumulating on the pavement at different times throughout the winter, and several witnesses testified to having seen the pavement in such condition at various times during the season before the accident, one of them testifying to this condition as existing on the day before. *Held*, that whether or not the city was chargeable with constructive notice of the obstruction was a question for the jury, as was also the question of plaintiff's contributory negligence and that a verdict for the plaintiff should be sustained.

Argued November 4, 1913.    Appeal, No. 252, Oct.
T., 1913, by defendant, from judgment of C. P. Allegheny Co., May T., 1911, No. 264, for plaintiff in case of
Emma Gross v. City of Pittsburgh.   Before FELL, C. J.,
BROWN, MESTREZAT, POTTER and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.
Before EVANS, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $2,500, and judgment thereon.
Defendant appealed.

*Errors assigned* were in refusing binding instructions
for the defendant and in refusing to enter judgment for
the defendant non obstante veredicto.

*Harry Diamond,* with him *Charles A. O'Brien,* for appellant.

*James M. Clark,* for appellee.

OPINION BY MR. JUSTICE STEWART, January 5, 1914:

The plaintiff sustained her injuries by falling upon an
icy pavement in the City of Pittsburgh, on the afternoon
of a December day.   Charging the city with negligence
in permitting the ice to accumulate and remain upon the
pavement, and attributing her injuries to this circumstance, she brought her action for damages and recovered a verdict of $2,500.00.   A motion for judgment non
obstante was refused, and judgment on the verdict was
ordered.   The appeal denies the right of recovery, first,
because the evidence does not show the cause of the accident; second, because it does not show a dangerous condition of the pavement for a length of time sufficient to
charge the city with constructive notice; and third,
contributory negligence on the part of the plaintiff.
With respect to the first, it is sufficient to say that while

the testimony of the plaintiff herself discloses but little with respect to the conditions on the pavement where she fell, except that she slipped on ice, it clearly appears from the testimony of other witnesses, that at the point where she fell there were ridges of ice extending across the pavement, varying from two to four inches in thickness, covered by an inch or more of snow. The plaintiff made no examination of the pavement to discover the cause of her fall because of her suffering which ensued; but the testimony of the other witnesses left it quite clear enough for submission to the jury, that the proximate cause of her injury was the icy unevenness of the pavement. As to the second, there was evidence in the case that, because of a broken spout on the building in front of which the plaintiff fell, ice had been accumulating on the pavement at different times throughout the winter. One witness who had occasion to travel the street daily testified that in the condition the pavement was in, because of this ice which extended clear across the pavement, "it was a menace all the time." This witness further testified that he had observed it the day before the accident occurred and had called attention to the dangerous condition. Other witnesses testified to having seen it at various times during the season, before the accident, when it was in like condition. One of them, accustomed to walk this particular street, testified that he had avoided using that side of it because of the ice obstruction which he knew was there at the point where the plaintiff fell. Another who also used the street, testified that he had observed what he called the hump of ice on the pavement for about a month before the accident; that,

"sometimes it would go away a little, a little of it would go away from the top whenever it began to thaw out, but most of the time that spot was still lying there, no matter if it was snowing or not, or thawing or not, that that ice was still there."

He also testified that he had once fallen on it himself.

With such evidence in the case, whether or not the city was chargeable with constructive notice of the obstruction, was a question for the jury. So too was the question of plaintiff's contributory negligence. The trial judge would not have been justified in holding as matter of law that plaintiff was wanting in due care under the condition existing, and that by her own negligence she had contributed to her injury. The case was well tried, and the jury were carefully instructed with respect to the several questions that arose, in an unexceptionable charge. The assignments of error are overruled and the judgment is affirmed.