# Kleckner, Appellant, *v.* The Central Railroad Company of New Jersey.

*Negligence—Railroads—Crossing—Ice—Pedestrian — Failure to look—Fall—Contributory negligence—Nonsuit.*

1. Where the facts are simple and the evidence by which they are presented is involved in no uncertainty their legal value is for the courts to determine.

2. A pedestrian walking along a traveled highway is not required to keep his eyes fastened upon the ground continually to discover points of possible danger, nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him, but the law does require that he be observant of where and how he is going so as to avoid danger which ordinary prudence would disclose.

3. In an action against a railroad company to recover for personal injuries caused by plaintiff's slipping and falling upon ice which had accumulated at the defendant's grade crossing, a compulsory nonsuit was properly entered where it appeared that such ice was the only ice in the locality, that it could be plainly seen for a distance of over six feet, and plaintiff admitted that she could have seen it had she looked where she was walking, but gave no satisfactory reason why she did not.

Argued April 11, 1917. Appeal, No. 91, Jan. T., 1917, by plaintiff, from final order of C. P. Luzerne Co., Oct. T., 1914, No. 624, refusing to take off nonsuit, in case of Elizabeth Kleckner v. The Central Railroad Company of New Jersey. Before BROWN, C. J., MESTREZAT, POTTER, FRAZER and WALLING, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

The court entered a compulsory nonsuit, which it subsequently refused to take off. Plaintiff appealed.

*Error assigned* was in refusing to take off the nonsuit.

*M. J. Mulhall,* with him *T. F. McLaughlin,* for appellant.—The case was for the jury: Glase v. Philadelphia, 169 Pa. 488; Danko v. Pittsburgh Rys. Co., 230 Pa. 295; Cronmuller v. Evening Telegraph, 232 Pa. 14; Yocum v. Reading City, 235 Pa. 552; Curry v. Erie City, 209 Pa. 283; Steck v. City of Allegheny, 213 Pa. 573; McClay v. Phila., 224 Pa. 174; Merriman v. Phillipsburg Boro., 158 Pa. 78; Bruch v. Phila., 181 Pa. 588; Graham v. Phila., 19 Pa. Superior Ct. 292.

*Evan C. Jones,* with him *Gilbert S. McClintock, Arthur Hillman* and *A. H. McClintock,* for appellee.—The evidence clearly discloses that plaintiff was guilty of contributory negligence as a matter of law.

OPINION BY MR. JUSTICE WALLING, June 30, 1917:

This action is for personal injuries caused by reason of an alleged dangerous sidewalk at a grade crossing. East Market street crosses the tracks of the defendant at grade in the City of Wilkes-Barre; and about ten o'clock on the evening of January 10, 1914, plaintiff while walking across the tracks fell and was injured by slipping upon ice. Defendant had there a double track

and the ice was a piece about one and one-half feet in length, one foot in width and two inches high, and located between the rails of the first track and within the lines of the walk. Plaintiff was walking some ten feet in advance of two other people with whom she was in company. The safety gates were up and there was no train occupying the tracks. This was the only ice in that immediate locality, and the condition of the light was such that it could be plainly seen for a distance of over six feet. Plaintiff admits she could have seen it had she looked where she was walking and gives no satisfactory reason why she did not. She was alone when she stepped upon the track and there was nothing to obstruct her view. According to her testimony she did not look for an approaching train until she was in the middle of the track where the ice was located, and the gate did not descend until after she had fallen. It was a crossing with which she was familiar. The court granted a compulsory nonsuit, on the ground of contributory negligence; and this appeal is from an order discharging the rule to take off the same.

In our opinion the action of the court below was right. There is no substantial conflict in plaintiff's own evidence, and hence the rule stated in Ely v. Pittsburgh, Cincinnati, Chicago & St. Louis Ry., 158 Pa. 233, and later cases, that where upon one part of plaintiff's own testimony he is entitled to go to the jury and upon another part not, the case is nevertheless for the jury, does not apply. It is manifest that plaintiff's failure to look where she was walking was responsible for the accident, and as to that there is no room for two opinions. Where the facts are simple and the evidence by which they are presented is involved in no uncertainty, their legal value is for the court to determine: Davidson v. Lake Shore & Mich. Southern Ry. Co., 171 Pa. 522; Wolf v. Phila. Rapid Transit Co., 252 Pa. 448.

There is here no doubt as to the evidence or the inferences to be drawn therefrom. This case is ruled by

that of Lerner v. City of Philadelphia, 221 Pa. 294, 295, where it is stated in the opinion by Mr. Justice STEWART that, "When one abandons the use of his natural senses for the time being, and chooses to walk over a pavement by faith exclusively, and is injured because of some defect in the pavement, he has only himself to blame...... One is not required in walking along a traveled highway, to keep his eyes fastened upon the ground continually to discover points of possible danger; nor is it necessary that he should in order to avoid exposed pitfalls lying directly in the path before him; but the law does require that he be observant of where and how he is going so as to avoid dangers which ordinary prudence would disclose." See also Robb et al. v. Connellsville Boro., 137 Pa. 42.

The order discharging the rule to take off the nonsuit is affirmed.