## Gryning v. Philadelphia, Appellant.

*Negligence — Municipalities — Ice on sidewalk — Contributory negligence—Snow concealing ice—Case for court.*

1. While a pedestrian is required to use only ordinary care, yet it is his duty to keep a general lookout so as to observe dangers directly in his path.

2. A pedestrian cannot recover damages from a city for injuries sustained by a fall at night on an icy sidewalk, where it appears that the walk on which he fell was well lighted, and the ridge visible and he knew of the general icy condition of the walks.

3. Had such danger been concealed by snow, the question of the pedestrian's negligence would have been for the jury.

278    GRYNING v. PHILADELPHIA, Appellant.

Argued January 7, 1921. Appeal, No. 53, Jan. T., 1921, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1918, No. 4000, on verdict for plaintiff in case of Edward T. Gryning v. Philadelphia. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before FINLETTER, J. The opinion of the Supreme Court states the facts.

Verdict for plaintiff for $15,000, upon which judgment was entered for $12,000, all above that amount having been remitted. Defendant appealed.

*Error assigned*, among others, was dismissal of defendant's motion for judgment n. o. v., quoting the record.

*William M. Stewart, Jr.*, Assistant City Solicitor, with him *David J. Smyth*, City Solicitor, for appellant.

*Lincoln L. Eyre*, with him *John E. Beatty* and *Cascaden & Spangler*, for appellee.

OPINION BY MR. JUSTICE WALLING, February 14, 1921:

At about one o'clock on the morning of February 2, 1918, plaintiff, while walking eastwardly, on the north side of Market street, near the west line of Thirteenth street, Philadelphia, fell and was seriously injured. The evidence was to the effect that his fall resulted from coming in contact with a large ridge of ice, three or four inches in thickness, which extended across the sidewalk and had been there for three weeks. It was a clear cold night and the walks in places were covered with ice, as plaintiff had observed while coming down from Twentieth street. He testified he knew the walks were slippery and was watching his way very carefully. His habit was to come down on the south side of the street, but on this occasion crossed over to buy a paper. The

electric lights were burning brightly on the corner where
he fell, and the ridge of ice was perfectly visible for a
considerable distance, although there was some dirt
upon it. There is no conflict in the evidence as to the
condition of the lights or the visibility of the ridge of
ice; plaintiff says, however, he did not see the ice until
after the accident. Defendant offered no evidence, and
its request for binding instructions was declined. The
jury found a verdict for plaintiff, upon which judgment
was entered, and defendant brought this appeal.

A verdict for defendant should have been directed on
the ground of contributory negligence. Plaintiff, know-
ing the unsafe condition of the walks, was bound to be
vigilant, although he had no prior knowledge of this
particular ice. While a pedestrian is required to use
only ordinary care, yet it is his duty to keep a general
lookout so as to observe dangers directly in his path:
Robb v. Connellsville Boro., 137 Pa. 42; Lerner v.
Phila., 221 Pa. 294; Kleckner v. Cent. R. R. of N. J.,
258 Pa. 461; Stern v. Reading, 255 Pa. 97. No one was
near to obstruct his view or distract his attention, and,
as above stated, there is no conflict in the evidence as
to the light and his ability to see the ridge of ice. Under
such circumstances it is vain for plaintiff to say he was
watching his way very carefully and did not see it. He
was a young man with normal eyesight, so far as ap-
pears, and was bound to see what was before his eyes.
The traveler must use his faculties: Shuman v. North
Union Township, 267 Pa. 344. The trial judge, while
conceding it was perfectly light, suggests the fact that
it was in the night, but the case turns upon the condition
of the light, not the hour of the day. In Kleckner v.
Central R. R. Co. of N. J., supra, we held plaintiff, who,
in the night time, fell upon a piece of ice which could
have been seen for six feet, guilty of contributory negli-
gence. Here the ridge of ice was visible at a much great-
er distance. True, where such danger is concealed by
snow, as in Slife v. Dorranceton Boro., 262 Pa. 183;

Llewellyn v. Wilkes-Barre, 254 Pa. 196; Gross v. Pittsburgh, 243 Pa. 525; Green v. Hollidaysburg, 236 Pa. 430, the question of the pedestrian's negligence is for the jury; but that is not this case. Viewing the case in the light most favorable to plaintiff, the verdict cannot be sustained.

The judgment is reversed and is here entered for the defendant non obstante veredicto.