# Fleming & Fleming *v.* City of Philadelphia, Appellant.

*Negligence—Municipalities—Sidewalks—Ice on sidewalks—Case for jury.*

In an action against a municipality brought by a pedestrian to recover damages for injuries sustained in a fall on ice on a sidewalk, it appeared that the ice had accumulated for a week or ten days; that the plaintiff was unfamiliar with the neighborhood, and that a light fall of snow had occurred during the day and obscured the ridge of accumulated ice.

Under such circumstances, the case was for the jury and a verdict for the plaintiff will be sustained.

Argued November 14, 1924. Appeals, Nos. 220 and 221, Oct. T., 1924, from judgment of the Court of Common Pleas No. 2, of Phila. Co., March T., 1923, No. 830, on verdict for plaintiff in the case of Annetta and Robert Fleming v. City of Philadelphia. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before GORDON, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff, Annetta Fleming, in the sum of $2,500, and plaintiff, Robert Fleming, in the sum of $724, and judgment thereon. Defendant appealed.

*Error assigned* was, among others, refusal of defendant's motion for judgment non obstante veredicto.

*Raymond A. White,* Assistant City Solicitor, and with him *Bernard J. O'Connell,* Assistant City Solicitor, and *Joseph P. Gaffney,* City Solicitor, for appellant.

*Francis M. McAdams,* and with him *William H. Wilson,* for appellees.

OPINION BY KELLER, J., February 27, 1925:

The plaintiff, Mrs. Fleming, tripped on a ridge of ice, five or six inches high, which had accumulated on a Philadelphia city sidewalk a week or ten days prior thereto, fell and was injured. This action in trespass against the city followed to recover the damages sustained by her and her husband. The evidence on the trial established the negligence of the defendant. The only question really involved was the contributory negligence of Mrs. Fleming. The defendant claimed it was entitled to binding instructions on that ground. The court below left the question as one of fact to the

jury, and subsequently refused the city's motion for judgment non obstante veredicto. This appeal raises the same question.

We are not satisfied that the evidence so clearly established the plaintiff's contributory negligence as to require the court to determine it as matter of law. We agree with the learned trial judge that the issue was one of fact to be passed upon by the jury.

While the accident occurred in broad daylight, about three o'clock in the afternoon, it was snowing at the time and had been, off and on, since eight o'clock in the morning. The plaintiff did not live in the neighborhood but was sojourning in her son's house during his absence from the city. She had not been over this portion of the sidewalk for two or three weeks and said that the ground was so covered by snow that as she walked, although she was looking at the pavement right ahead of her, she did not see the ridge until she tripped over it and brushed the snow from it after her fall. She was corroborated in this testimony by another witness who saw the plaintiff struggling to get up, and who said that the ridge of ice could not be seen at the time of plaintiff's fall because the snow was covering it. There was nothing improbable in this testimony. The jury might well have believed that following a light snowfall ridges of ice would be so covered by the snow as to render the depth or outline of the ridge indistinct to one walking with ordinary care, and that its presence would only be discovered by the pedestrian by extraordinary care, which is not required: Bruch v. Phila., 181 Pa. 588. It is true that one of the plaintiffs' witnesses said he had seen the ridges when he walked over the pavement that morning, but that was around eight o'clock, before or just about the time the snow began to fall and before the outline of the ridge had been blurred or covered by the falling snow. Another witness for the plaintiffs also testified on cross-examination that the ridges could be plainly seen as he walked on the sidewalk at noon and

in the evening, but it is not clear that this applied to its condition at the time the plaintiff was hurt. In any event, on this appeal, the evidence and the inferences therefrom most favorable to the plaintiff must be taken as true: Keidel v. B. & O. R. R. Co., 281 Pa. 289; and if there was any contradiction of testimony among the plaintiffs' witnesses the issue of fact raised thereby was for the jury, not the court: Cronmuller v. Evening Tel., 232 Pa. 14; Slife v. Dorranceton, 262 Pa. 182. The cases cited by the appellant, (Sickels v. Phila., 209 Pa. 113; Gryning v. Phila., 269 Pa. 277; Kleckner v. R. R. Co., 258 Pa. 461), where the ridges of ice were clearly discernible by one walking on the sidewalk, are not applicable here. The case is governed rather by Llewellyn v. Wilkes-Barre, 254 Pa. 196; Gross v. Pittsburgh, 243 Pa. 525, and Green v. Hollidaysburg, 236 Pa. 430, where it was held that the question whether or not the person injured was prevented from seeing the ridge of ice by reason of a light fall of snow, was one for the jury.

While the appellant also complains that the verdicts were excessive, that question is not set forth in the statement of questions involved, as provided in our Rules of Court, Rule 50. If it was desired to press that point before this court, it should have been included in the statement of questions involved, and error assigned to the refusal of the court below to grant a new trial because of the excessive verdicts. Whether a verdict is excessive or not is a matter resting largely in the discretion of the court below and, while that discretion may be abused, we are not convinced that it was in the present case.

The assignments of error are all overruled and the judgment is affirmed.