## Davis *v.* Wilkes-Barre, Appellant.

*Negligence—Municipalities—Ice on sidewalk—Pedestrian—Contributory negligence—Plaintiff's evidence — Contradiction — Case when for jury.*

1. While a pedestrian is not bound to keep his eyes fastened on the ground continually to discover possible dangers directly in the path, he is bound to use ordinary precautions in observing where and how he is going and all obvious impediments in his way.

2. Where a ridge of ice is clearly discernible by one walking on a sidewalk, who has a reasonable way to avoid it, a failure to exercise ordinary precaution will preclude a recovery from the municipality for an injury occasioned by such accident.

3. Where a mound of ice on a sidewalk is so obvious that any one using his normal faculties could see it, a woman who steps upon it without looking, and without attempting to go around it, and without heeding the warning of a companion, is guilty of contributory negligence.

4. In such case, there is no contradiction in plaintiff's testimony so as to require the case to be submitted to a jury, where plaintiff states in her examination in chief that the ice could not be seen because it was covered with snow, and she did not know it was ice until her dress brushed off the snow, and later states that had she looked she could have seen the mound.

*Municipalities — Highways — Nondelegable duties not insurers of—Safety of pedestrians.*

5. While the law imposes upon municipalities the nondelegable duty of keeping highways in a safe travelable condition, they are not insurers of the safety of pedestrians.

Argued April 13, 1926. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 99, Jan. T., 1926, by defendant, from judgment of C. P. Luzerne Co., May T., 1921, No. 124, on verdict for plaintiff, in case of Mary L. Davis v. City of Wilkes-Barre. Reversed.

Trespass for personal injuries. Before McLean, J.
The opinion of the Supreme Court states the facts.
Verdict and judgment for plaintiff for $3,100. Defendant appealed.

*Error assigned* was, inter alia, refusal of defendant's motion for judgment n. o. v., quoting record.

*Edwin B. Morgan,* City Solicitor, with him *C. B. Lenahan,* for appellant, cited: Nolan v. Pittsburgh, 272 Pa. 217; Lane v. Dickinson, 276 Pa. 306.

*Frank A. McGuigan,* with him *Arthur H. James,* for appellee, cited: McMahon v. Transit & Light Co., 280 Pa. 199; Wolf v. Spencer, 282 Pa. 425; Fleming & Fleming v. Phila., 85 Pa. Superior Ct. 172; Greene v. Phila., 279 Pa. 389; Manross v. Oil City, 178 Pa. 276; Kauffman v. Harrisburg, 204 Pa. 26; Miller v. Boro., 66 Pa. Superior Ct. 394; Gross v. Pittsburgh, 243 Pa. 525.

Opinion by Mr. Justice Kephart, May 26, 1926:

Appellee was injured by falling on a mound of ice on the street at the end of an alleyway. A sheet of snow possibly an inch thick covered the ice, which was eighteen inches long, four inches high, and six inches wide. The sidewalk was six feet wide at this point. The municipality, because of the length of time the ice was permitted on the street, was affected with notice of its presence.

Plaintiff lived in the locality for many years; that winter she frequently passed the place where the fall occurred. Plaintiff and her niece left home at about

nine o'clock to attend church. The day was bright and clear. She was later joined by a neighbor and her daughter, but no one preceded her. Appellee had a clear view of everything, her eyesight was good, and nothing prevented her from seeing the condition of the street. Immediately before the party reached the ice, one of her friends in the rear warned her to be careful. This warning was scarcely given when Mrs. Davis stepped on the cake and fell, breaking her leg. She stated she could not see the ice because of the snow but later admitted that, had any attention been given to where she was walking, the hump, whether of snow or ice, could be seen. This is shown by the following testimony: "Q. Well, if you had looked down when you struck this lump of ice as you call it,—you say it was four inches high,—you could have seen that lump there, couldn't you? You could have seen it if you had looked, couldn't you? A. I suppose may be if I was looking at that one spot, but I didn't expect to fall there. Q. No, of course not, but if you had been looking where you were going and there was nothing to prevent your seeing that lump there as you describe it, four inches high and eighteen inches long, there wasn't anything to prevent your seeing it?......A. I suppose not, if I was looking. Q. You suppose not, if you were looking? A. No." The case was submitted to the jury, who found for plaintiff, and the court below refused to grant judgment n. o. v. holding the evidence insufficient to show contributory negligence as a matter of law. This appeal follows.

While a pedestrian is not bound to keep his eyes fastened on the ground continually to discover possible dangers directly in his path (Lerner v. Phila., 221 Pa. 294), he is bound to use ordinary precautions in observing where and how he is going and all obvious impediments in his way. While one may assume that a pavement is in a reasonably safe condition (Bruch v. Phila., 181 Pa. 588; Goff v. Phila., 214 Pa. 172), such presumption falls in face of an open or exposed obstruction or

danger. Where a ridge of ice is clearly discernible by one walking on the sidewalk, who has a reasonable way to avoid it, a failure to exercise ordinary precaution will preclude a recovery from the municipality for an accident occasioned by such neglect: Sickels v. Phila., 209 Pa. 113; Gryning v. Phila., 269 Pa. 277; Kleckner v. Central R. R. Co. of N. J., 258 Pa. 461. It is apparent from plaintiff's testimony she not only did not exercise her normal faculties while walking on the street but also failed to heed the warning of her companions. Here was at best a mound of snow rising up from the traveled way in front of her. There was ample space to pass around it; or did she wish to take the chance of stepping on it? If she did, it would be clearly at her own risk. It is useless to say the danger could not be seen, for the mound was obvious had the slightest precaution been exercised: Graham v. Phila., 19 Pa. Superior Ct. 292, 295, and cases relied on.

The law imposes on municipalities the nondelegable duty of keeping highways in a safe travelable condition. The burden placed on these governmental agencies is great, but they are not insurers of the safety of pedestrians. The latter must assume a certain part of the burden if they wish to use the highway. While courts have been liberal in allowing recoveries against municipalities for failure to comply with the rule of law as to the condition of streets for public travel, they have been equally strict in insisting that pedestrians must make reasonable use of their eyes while walking on sidewalks. With dangers that are not apparent or that might be questionably dangerous, the rule of observation is not so strict, but where the obstructions or obstacles are plainly visible, there is no rule or reason which ought to sustain a recovery against a municipality by one who fails to take the slightest precaution for his own safety. Because there happened to be a little snow on the ground does not relieve one of the duty of exercising judgment when a mound is in the way like

this mound of ice. In Green v. Hollidaysburg, 236 Pa. 430, relied on, there was no reasonable means of passing the obstruction on the sidewalk and that case was based on the theory that the pedestrian was confronted by a danger not readily avoided. Gross v. Pittsburgh, 243 Pa. 525, is of similar import, and we held that it is not necessarily negligence for one walking on the street to attempt to pass over a noticeable accumulation of ice on the pavement where there are no reasonable means of avoiding it: Brown v. White, 206 Pa. 106; Llewellyn v. Wilkes-Barre, 254 Pa. 196.

In holding as we do in this case, we may add that municipalities are not relieved of the duty to clear the sidewalks of obstructions, including accumulations of ice. They are and should be held strictly to the rule; but this does not relieve those using streets from the normal exercise of their faculties. The attention was not attracted elsewhere. There was no effort to avoid persons pushing or rushing through a crowd in opposite directions, causing her to step aside to avoid them. There are no special circumstances in this case, nor was there any justification in assuming plain risk. Consequently the cases relied on by appellee are inapplicable.

Appellee contends appellant's testimony, showing negligence, should not be passed on by the court but was for the jury. It is argued that the contradictions in her own testimony should be reconciled by that body. Appellee stated in her case in chief that the ice could not be seen because it was covered with snow, and she did not know it was ice until her dress brushed off the snow. She later testified that had she looked she could have seen the mound. This is not contradiction.

Judgment of the court below is reversed and is here entered for defendant.