## Mervine, Appellant, *v.* Borough of Mt. Union.

*Negligence—Boroughs—Streets—Sidewalks—Icy sidewalk—Judgment n. o. v.*

In an action of trespass to recover damages for personal injuries, it appeared that plaintiff slipped and fell on a ridge of ice on a sidewalk in defendant borough. It also appeared that the accident occurred on a clear day, and that plaintiff could have seen the ice and avoided the accident if she had looked where she was going.

Under such circumstances plaintiff was guilty of contributory negligence, and judgment non obstante veredicto for the defendant was properly entered.

Where a ridge of ice is clearly discernible by one walking on the sidewalk, who has a reasonable way to avoid it, a failure to exercise ordinary precaution will preclude a recovery from the municipality for an accident occasioned by such neglect.

Argued October 25, 1926. Appeal No. 165, October T., 1926, by plaintiff from judgment of C. P. Huntingdon County, February T., 1925, No. 17, in the case of Annie E. Mervine vs. Borough of Mt. Union. Before PORTER, P. J., HENDERSON, TREXLER, KELLER, LINN and CUNNINGHAM, JJ. Affirmed.

Trespass to recover for personal injuries. Before BAILEY, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $300. Subsequently the Court, upon motion, entered judgment for defendant non obstante veredicto. Plaintiff appealed.

*Error assigned* was the decree of the Court.

*Marion D. Patterson,* and with him *W. Wallace Chisolm,* for appellant.

*Chas. E. Hower,* for appellee.

OPINION BY TREXLER, J., March 3, 1927:

The plaintiff, aged fifty-nine years, crossed Jefferson Street in the Borough of Mt. Union, to return to her residence on said street. She came to Small Street which is a narrow highway or alley, entering Jefferson Street at right angles. When the plaintiff arrived at the side line of Jefferson Street at Small Street, she proceeded about two feet into Small Street and then slipped upon a ridge of ice which was about 12 to 18 inches in width and 6 inches high, extending diagonally across the sidewalk about fifteen feet. She was injured and brings this suit against the Borough for the damages suffered by reason of the alleged negligence of the Borough in not keeping that portion of Small Street which formed part of the sidewalk of Jefferson Street in a safe condition.

The learned trial judge after the verdict was rendered in favor of the plaintiff entered judgment for the defendant notwithstanding the verdict holding that the plaintiff was guilty of contributory negligence. We have come to the same conclusion. The testimony of the plaintiff herself shows that she had crossed Jefferson Street from her home to the store on the other side of the street some little distance from where this ice was and was returning diagonally across the street. It was

a bright clear day. The hour was between 12 and 1. There had been a light snow, but there is no evidence that this snow had obscured any of the dangers of the way. She testified that she could have seen the ridge of ice on Small Street, if she had looked, but that she was looking for automobiles on Jefferson Street. There was no evidence that she was in danger of any traffic on Jefferson Street, or that any sudden situation arose that compelled her to go out of the way of approaching danger and thus committing her to Small Street without having an opportunity of seeing what was in front of her. She had safely crossed Jefferson Street and advanced two feet into the alley in about the middle thereof and she "stepped up" on the ridge of ice. She could have seen it if she had looked, so she says. The circumstances, as they appear in this case, show that the danger was so clear, that with the exercise of her senses she could have seen the danger. It necessarily follows that she cannot recover because her lack of observation contributed to the injury and there was no excuse for her not using her senses as she approached this ridge of ice without seeing it. A number of cases establish this principle, but we need but refer to one late case; that of Davis v. Wilkes-Barre, 286 Pa. 488. There the plaintiff was injured by falling on a mound of ice on the street at the end of an alleyway. A sheet of snow possibly an inch thick covered the ice, which was eighteen inches long, four inches high, and six inches wide. Plaintiff lived in the locality and she had frequently passed the place where the fall occurred. The day was bright and clear. The plaintiff had a clear view of everything, her eyesight was good, and nothing prevented her from seeing the condition of the street. She admitted that had any attention been given to where she was walking, the snow or ice could have been seen and the court there decided, citing a number of cases, "Where a ridge of ice is

clearly discernible by one walking on the sidewalk, who has a reasonable way to avoid it, a failure to exercise ordinary precaution will preclude a recovery from the municipality for an accident occasioned by such neglect: Sickels v. Phila., 209 Pa. 113; Gryning v. Phila., 269 Pa. 277; Kleckner v. Central R. R. Co. of N. J., 258 Pa. 461. It is apparent from plaintiff's testimony she not only did not exercise her normal faculties while walking on the street, but also failed to heed the warning of her companions. Here was at best a mound of snow rising up from the traveled way in front of her. There was ample space to pass around it; or did she wish to take the chance of stepping on it? If she did, it would be clearly at her own risk. It is useless to say the danger could not be seen, for the mound was obvious had the slightest precaution been exercised: Graham v. Phila., 19 Pa. Superior Ct. 292, 195, and cases relied on." The circumstances in this case are almost identical with those above quoted. The plaintiff failed to look where she was going and she slipped upon an object which she would have discerned, had she looked.

The judgment of the lower court is affirmed.