Elisa Montval Viuda de Cuevas, demandante y apelada, *v.* López Hermanos, S. en C., demandada y apelante.

No. 4751.—*Sometido:* Diciembre 6, 1929. *Resuelto:* Julio 24, 1930

432

*Feliú & La Costa,* abogados de la apelante; *J. Henri Brown, C. Ruiz Nazario* y *G. E. González,* abogados de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Los motivos primero, tercero y sexto de esta apelación son que la corte de distrito erró al declarar que las lesiones recibidas por la demandante fueron causadas por haberse enredado en sus pies un pedazo de alambre procedente de la fábrica de la demandada; al resolver que la demandada era culpable de negligencia; y al dirimir el conflicto de prueba a favor de la demandante. Una lectura del alegato y de la transcripción taquigráfica nos convence de que ninguno de estos fundamentos es sostenible.

El segundo motivo de la apelación es que la corte de distrito erró al declarar que el pedazo de alambre de que se trata había sido arrojado a la calle negligentemente por un empleado de la demandada, actuando dentro de las atribuciones de su empleo. Muchos casos se citan o discuten por la apelante en apoyo de esa contención.

En el caso de autos, el empleado en cuestión se dedicaba a hacer cajas, de duelas atadas con alambre. Él utilizaba más de cien atados diariamente, y de cada atado removía dos o tres pedazos de alambre. Tiraba este alambre a la acera o a la cuneta contigua a la acera próxima al sitio donde trabajaba. Hubo algún testimonio tendente a demostrar que

él había recibido instrucciones de remover el alambre de la acera o de la cuneta al cabo de cada día de trabajo, o en cualquier intervalo conveniente, y echarlo a un corral cerca de la factoría. Si esas instrucciones fueron desobedecidas o cumplidas descuidadamente, no importa. Ninguno de los casos citados por la apelante llega al extremo de resolver que el dar esas instrucciones constituye una buena defensa en una acción de daños personales debidos a la negligencia de un empleado al cumplir esas instrucciones, o a su desobediencia de las mismas.

Al tiempo del accidente, de acuerdo con la declaración de un testigo, había suficiente alambre en el corral para llenar un camión, y lo bastante para un cargamento, o más, esparcido por la calle y sus alrededores. De todos modos, en la calle había diseminados sendos alambres en pedazos y en masas enmarañadas, y la prueba en conjunto deja poco lugar a dudas de que esta situación se debía a la negligencia del empleado arriba aludido mientras actuaba dentro de los límites de su empleo.

Los motivos cuarto y séptimo para esta apelación son que la corte de distrito erró al desestimar una moción de *nonsuit* y al no declarar que la demandante incurrió en negligencia contribuyente, o que asumió el riesgo de utilizar la calle.

La moción de *nonsuit* se basaba en nueve motivos. Los enumerados bajo las letras (*b*) a (*f*), inclusive, y bajo la letra (*i*), se refieren a cuestiones de hecho discutidas por la apelante en conexión con los señalamientos de error primero, segundo y tercero. Este aspecto de la moción de *nonsuit,* tal como se presenta en el alegato de la apelante, no demanda ulterior consideración. Los fundamentos (*g*) y (*h*) de la moción de *nonsuit* se refieren a la cuestión de negligencia contribuyente y a la de riesgo asumido, en que se apoya la apelante como el séptimo fundamento de su recurso. El motivo (*a*) de la moción de *nonsuit,* que es la única fase del cuarto señalamiento de error discutida separadamente por

la apelante, se dirige a la suficiencia de la demanda. Admitiendo, para los fines de la argumentación, que la demanda era defectuosa, las omisiones acusadas fueron suplidas por la prueba.

En el párrafo sexto de la contestación, después de negarse la negligencia, la demandada dice que "si algún accidente sufrió la demandante en la fecha y sitio que se alegan en la demanda, se debió única y exclusivamente a la negligencia y culpa de la propia demandante al transitar por dicha supuesta calle." Esto es lo más que se aproxima a una alegación de negligencia contribuyente como defensa.

En el curso de su argumentación la apelante cita las siguientes autoridades: 43 C. J., Sec. 1850, 1076; 5 Thompson Com. on the Law of Negligence, ed. de 1905, sec. 6241; *Southern Ry. Co. v. Rowe,* 59 S. E. 462; *Bridgford v. Stewart,* etc., 231 S. W. 22; *Mullon v. Sensenbrenner,* etc., 260 S. W. 982; *Ryan v. Foster,* 21 L.R.A. (N. S.) 969; *Hausman v. Madison,* 21 L.R.A. 263, 277, 278; *Gryning v. Philadelphia,* 13 A.L.R. 71; *Lerner v. Philadelphia,* 21 L.R.A. (N. S.) 614; *Nicholas v. Peck,* 40 Atl. 418; 43 Atl. 1038; *Kennedy v. Pittsburgh,* 79 Atl. 550.

La demandante vivía en la calle de que se trata. Era un camino público. Constituía la vía mejor y más conveniente para llegar a su casa. Ella se dirigía a su hogar cuando sufrió las lesiones, y, como cuestión de derecho, no fué culpable de negligencia contribuyente al usar la calle. 29 C. J. 700, párr. 463; *Henry County Turnpike. Co. v. Jackson,* 86 Ind. Ill, 44 Am. Rep. 274, 276 y nota; 13 A.L. R. 79 a 82, párr. V; *Klepper v. Seymour House Corp.* (1927), 26 N. Y. 85, 158 N. E. 29, 62 A.L.R. 955; *Mesheuvel v. District of Columbia,* 191 U. S. 247–266.

Al tratar la demandada de establecer que la demandante usaba zapatos de taco alto cuando se cayó, el letrado de la demandante se opuso por el fundamento de que no se había alegado como defensa la negligencia contribuyente. Este reparo fué contestado con la manifestación de que el fin de

la pregunta era el de impugnar la credibilidad de la demandante—una señora entrada en años pero activa— que había declarado que llevaba zapatos de taco bajo. Si se llamó la atención del juez sentenciador en alguna otra forma o en cualquier otro momento a algún acto de negligencia contribuyente fuera del especificado en la alegación sexta y en los fundamentos (g) y (h) de la moción de *nonsuit,* ese hecho no se hace constar en el alegato.

La contestación había sido redactada bajo la teoría de que la calle aludida no era un camino público. Para los fines de la argumentación, puede admitirse, sin resolverlo, que la alegación sexta de la contestación era suficiente para informar al juez sentenciador de la intención de apoyarse en la negligencia contribuyente como defensa, y para exigirle una conclusión a ese respecto.

El caso fué sometido por alegatos en la corte inferior. En su relación del caso y opinión, el juez sentenciador formula la contención de la demandada así: "(a) en que de existir los alambres en la calle, tal circunstancia era conocida de la demandante, y ella pudo evitar la caída; y (b) que inmediatas y paralelas a la calle en que vivía la demandante, había otras dos calles que pudo utilizar la demandante." La corte resolvió que el que la demandante conociera las condiciones de una calle en que vivía y por la que tenía que caminar para llegar a su casa, no establecía el hecho de la negligencia contribuyente, y que la demandante tenía derecho a usar esa calle, no embargante la existencia de otras vías paralelas a aquélla en el mismo vecindario. A esto sigue la conclusión de que la demandante no era culpable de negligencia contribuyente. No hubo error manifiesto alguno en esa declaración ni al desestimar la moción de *nonsuit.*

La quinta contención de la apelante es que la corte de distrito cometió error al no permitir que la demandada probara ciertas manifestaciones que se dice haber sido hechas por una testigo de la demandante, para fines de impug-

nación. Ni a la testigo ni a la corte inferior se les hizo insinuación alguna de lo que se suponía que la testigo había dicho en determinada ocasión. A la testigo se le había interrogado si había o no tenido una conversación con cierta persona en una época y sitio especificados. La testigo había contestado que no recordaba. No se hizo esfuerzo alguno para refrescarle la memoria. No se había sentado ninguna base adecuada, y la prueba fué propiamente rechazada.

La octava contención de la apelante es que la corte de distrito erró al dictar sentencia a favor de la demandante. Se somete por la parte apelante como un corolario de las proposiciones precedentes, y no ha menester ser discutida separadamente. La novena y última contención es que la corte de distrito erró al concederle las costas a la demandante. No vemos abuso de discreción en la concesión así hecha.

*Debe confirmarse la sentencia recurrida.*

El Juez Presidente Señor del Toro no intervino.