Weismiller et vir., Appellant, *v.* Farrell et al.

Argued April 30, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and
RENO, JJ.

*Gilbert E. Morcroft,* with him *T. Robert Brennan,*
for appellants.

*Daniel H. McConnell,* for appellees.

OPINION BY RENO, J., October 4, 1943:

Plaintiffs, husband and wife, instituted trespass to
recover damages for injuries sustained by the wife
plaintiff on the evening of February 16, 1940, when
she tripped upon a ridge of ice, concealed by a layer
of snow, covering the sidewalk in front of defendants'
property in Pittsburgh. Verdicts were returned for
the wife for $1,000, and the husband for $130. The
court below entered judgment for defendants n.o.v.,
holding that the injured plaintiff was contributorily
negligent as a matter of law, because she knew that the
condition of the sidewalk was dangerous, and therefore
tested a known danger, by taking a perilous route when
she might have proceeded by an alternate safe way.
Plaintiffs appealed.

Was the evidence sufficient to support the verdicts for plaintiffs, which represent a finding that the wife plaintiff was innocent of contributory negligence? "The verdict for plaintiff is a finding that defendant was negligent and that plaintiff was free from contributory negligence": *Kulka v. Nemirovsky*, 314 Pa. 134, 138, 170 A. 261.

On the night in question, Mrs. Weismiller left her home on the north side of Charlotte Street, the second house west of the western side of Thirty-eighth Street, which intersects Charlotte Street, to attend services at a church located at Fortieth and Butler Streets. She walked to Thirty-eighth Street, crossed to the eastern side thereof and turning right, proceeded in a southerly direction one block to Butler Street, which parallels Charlotte Street, and thence on Butler Street eastwardly two blocks to the church at Fortieth and Butler Streets. Returning, she walked westwardly on Butler Street to Thirty-eighth Street, crossing to the western sidewalk of Thirty-eighth Street, which she considered "more safe" because she had found the eastern sidewalk "very slippery" on her journey to church. She proceeded north on the western side of Thirty-eighth Street toward Charlotte Street and her home. About 9:00 o'clock, when she arrived at a point on the sidewalk in front of defendants' premises, 182-184 Thirty-eighth Street, near the corner of Thirty-eighth and Charlotte Streets, she tripped and fell upon ice that had formed from water, which drained from the clogged conductors and spouts of the abutting building and froze into ridges about four inches high and three or four inches apart, covering the pavement from building to gutter. Several inches of snow covered the icy ridges.

The injured plaintiff testified that she did not know that ice had formed under the snow the night of the accident, or prior thereto; that she was "watching down" and would have seen the ice if it had been visible;

that she did not see the ice because of the covering of snow.

Mrs. Weismiller said she travelled the western sidewalk of Thirty-eighth Street on her way home instead of the eastern sidewalk, used in going to church, because the latter way was full of ice and snow, and very slippery in front of a double garage where the walk sloped down to the street. Sometimes she walked to Fortieth Street and thence to church by way of an alley which intersected Thirty-eighth Street between Charlotte and Butler Streets. The record does not disclose the position of the double garage with reference to the alley, and we cannot assume that its use by Mrs. Weismiller would have enabled her to avoid the perils of the ice and snow on the eastern side of Thirty-eighth Street and slippery ice in front of the garage. Thus it does not appear that Mrs. Weismiller had a reasonably convenient safer route to her home than the one she took when injured.

On these facts plaintiffs very clearly presented a case free of contributory negligence. But defendants point to Mrs. Weismiller's testimony on cross-examination in which she said that she knew that the sidewalk where she was injured "was always leaking and unsafe to be walked on at all times, and especially when it rained and snowed". They contend that this testimony, in spite of her insistence that she was unaware that ice had ever formed underneath the snow, convicted the injured plaintiff of contributory negligence because it indicated an awareness of the dangerous condition. With this, we cannot agree.

Whether or not she was contributorily negligent depends upon her conduct at the time of her injury. If she acted as a reasonably prudent person would have acted under all the circumstances, the issue of contributory negligence should be resolved in her favor: *Brungo v. Pittsburgh Railways Co.*, 132 Pa. Superior Ct. 414, 200 A. 893.

Familiar principles must govern our treatment of the evidence where we are called upon to determine whether judgment n.o.v. should have been entered for defendants. Plaintiffs are entitled to have the evidence supporting the verdict considered and all the rest rejected: *Sorrentino v. Graziano*, 341 Pa. 113, 114, 17 A. 2d 373; *Pinto v. Bell Fruit Co., Inc.*, 148 Pa. Superior Ct. 132, 133, 24 A. 2d 768. If, by reason of conflicting or contradictory statements made by a plaintiff, or his witnesses, the question of his contributory negligence is left in doubt, since he has not the burden of proof on that issue, it is for the jury to reconcile the statements and say which shall prevail: *Gerber v. Jones*, 151 Pa. Superior Ct. 489, 492, 30 A. 2d 534; *Adams v. Gardiner*, 306 Pa. 576, 585, 160 A. 589; *Shields v. Neff*, 133 Pa. Superior Ct. 289, 293, 2 A. 2d 622; *Brungo v. Pittsburgh Railways Co.*, supra, at page 417; *Cronmuller v. Evening Telegraph*, 232 Pa. 14, 17, 81 A. 58.

It would require a tortured construction of injured plaintiff's testimony on cross-examination to say she meant thereby that she knew the sidewalk was dangerous on the night in question, or at any other time, because of icy ridges that had formed underneath the snow. But even if we so construe this testimony, we must recognize that it was within the province of the jury to give preferential consideration to her positive statements that she did not know that ice had ever formed underneath the snow and that, although she was watchful, she did not see the snow-concealed ice.

Here injured plaintiff did not test a known or clearly discernible dangerous icy condition upon the sidewalk, when she had an alternate safer route, as did the pedestrians in those cases where their conduct was held contributorily negligent as a matter of law: *Davis v. Wilkes-Barre*, 286 Pa. 488, 134 A. 105; *Gryning v. Philadelphia*, 269 Pa. 277, 112 A. 448; *Kleckner v. The Central Railroad Co. of N. J.*, 258 Pa. 461, 102 A. 141; *Sickels v. Philadelphia*, 209 Pa. 113, 58 A. 128.

In *Lumley v. Grove City Borough,* 326 Pa. 61, 191 A. 126, where the ice was covered with soot and dirt and appeared to plaintiff as a dark spot on the sidewalk, the Supreme Court held his contributory negligence was for the jury. Where plaintiff's evidence was confused and contradictory "leaving a doubt whether he really recognized the ridges [of ice covered by snow] before he stepped upon them or afterward", it was for the jury to "draw the conclusion, resolve the doubt, determine the net results, and say in the light of all the evidence whether this man was exercising the ordinary reasonable care obligatory upon a pedestrian": *Slife v. Borough of Dorranceton,* 262 Pa. 182, 183, 105 A. 39. So, in *Ross v. Mayflower Drug Stores, Inc.,* 324 Pa. 513, 515, 188 A. 346, where the minor plaintiff slipped upon dark colored ice as she left a store, it was held that "there was sufficient doubtfulness" to warrant the question of plaintiff's contributory negligence being submitted to the jury. Similarly where pedestrians did not see the ice, which was concealed by a cover of snow (*Llewellyn v. Wilkes-Barre,* 254 Pa. 196, 98 A. 886; *Gross v. Pittsburgh,* 243 Pa. 525, 90 A. 365), and even where they knew that ice had formed previously (*Green v. Hollidaysburg,* 236 Pa. 430, 84 A. 785; *Brown v. White,* 206 Pa. 106, 55 A. 848), the question of contributory negligence was for the jury.

On the facts of this case it was for the jury to determine the issue of contributory negligence, and the order of the court below entering judgment for defendants non obstante veredicto must be reversed.

The judgment is reversed with direction to enter judgments upon the verdicts for plaintiffs.