411 A.2d 548

John FUDALA and Ruth Fudala, his wife and Janette Ball Vollmer and Albert Vollmer, her husband, and Kenneth Ball

v.

Mary LEEDOM and Tupperware Home Parties

v.

Janette Ball VOLLMER and Kenneth Ball.

**Appeal of John FUDALA.**

Superior Court of Pennsylvania.

Argued June 5, 1979.

Filed Oct. 5, 1979.

John F. X. Fenerty, Philadelphia, for appellant.

Glenn D. Hains, Morrisville, for appellees Mary Leedom and Tupperware Home Parties.

Guy T. Matthews, Langhorne, submitted a brief on behalf of appellee Janette Ball Vollmer.

Before PRICE, HOFFMAN and DOWLING,* JJ.

DOWLING, Judge:

Appellant sought damages for injuries sustained in an automobile accident. He felt the jury's award was too little and appeals to this court for a new trial limited to damages only. The main support for his claim of inadequacy is a personal colloquy engaged in by the trial court following the examination of one of the medical witnesses.

There was no real controversy as to liability; the critical issue being the extent of appellant's injuries. Appellant

---

* Judge JOHN C. DOWLING of the Court of Common Pleas of Dauphin County, Pennsylvania, is sitting by designation.

324

sustained a fractured clavical, multiple right side rib fractures, a severely sprained wrist and a pneumothorax resulting when one of the fractured ribs punctured his lung. He was taken immediately to Abington Hospital, and was admitted from the emergency room as an in-patient and remained there for ten (10) days. Medical specials presented on his behalf totalled $3,948.36.

Appellant's medical evidence (if believed) established a permanent aggravation of a pre-existing pulmonary emphysema in that the already impaired respiratory function suffered the new and additional insults of pain on and restriction of motion secondary to the rib cage fractures sustained in the accident. Appellees' medical expert essentially acknowledged the previously outlined injuries, but (if believed), found no evidence of continuing lung restriction relating to chest wall trauma, and therefore, concluded there was no connection between his respiratory embarrassment and the trauma of the accident.

At the conclusion of his testimony, out of hearing but in view of the jury, the trial judge engaged in a private conversation with the good doctor. Court was then adjourned for noon recess. Immediately upon reconvening, counsel for appellant moved for a mistrial on the basis of the court's private talk with the doctor.

There is some controversy over whether appellant's objection to the colloquy was sufficiently timely to preserve the issue on appeal. In determining what is and is not a reasonable objection, it is necessary to remain mindful of the rule's underlying purpose: to afford the trial court an opportunity to take corrective action in rectification of its own trial error. In the present case, we fail to understand how a delay of approximately 90 minutes between the objectionable incident and the formal objection during which time the court was recessed, in any way impaired the trial judge's ability to review appellant's motion and order appropriate remedial measures. See *D'Allura v. Perri*, 138 Pa.Super. 261, 10 A.2d 124 (1940). Accordingly, we are satisfied that appellant's objection was made in timely fashion and that the point is properly preserved for appeal.

The court in denying the appeal for mistrial stated that he had asked permission before he did it and had stated publicly that his colloquy was of purely a personal matter bearing no relationship to the case. Unfortunately the court's remarks do not appear of record. Hence reliance on the prophylactivity of *Dilliplaine v. Lehigh Valley Trust Company*, 457 Pa. 255, 322 A.2d 114 (1974) is misplaced. No such comment appears and we can only look to the four corners of the record.

■ This court has long expressed and adhered to the position that the trial judge's duty to preside with complete impartiality requires him, inter alia, to refrain from entering into discussion with witnesses. *Davies v. Klinman*, 162 Pa.Super. 82, 56 A.2d 316 (1948); *Commonwealth v. Safis*, 122 Pa.Super. 333, 186 A. 177 (1936). A corollary of this axiom of judicial conduct is that conversations between the bench and the witness stand should only occur in those rare situations when such intervention is demanded by the interests of justice. *Commonwealth v. Myma*, 278 Pa. 505, 123 A. 486 (1924). Accordingly, a new trial has been ordered where the trial judge greeted a witness with familiarity, inquired as to his welfare and informed the jury that he and the witness were old friends, notwithstanding the court's subsequent attempt to rectify the situation through curative jury instructions. *McKown v. Demmler Properties, Inc.*, 419 Pa. 475, 214 A.2d 626 (1965).

■ In light of the critical importance of the witnesses testimony we find that the jury may well have misconstrued the court's conversation to the doctor as a judicial imprimatur on his credibility.

Accordingly, the order of the court is reversed and the case is remanded for a new trial limited to the issue of appellant's damages.

HOFFMAN, J., concurs in the result.